## ROGERS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 16, 1914.)

No. 3966.

1. CRIMINAL LAW (§ 700*)—MISCONDUCT OF DISTRICT ATTORNEY—REQUEST FOR REMAND OF WITNESS.

That the assistant district attorney, while a witness was testifying for the government, stated to the court in the presence of the jury, "I would like to have this witness remanded to the custody of the marshal," was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1658, 1659; Dec. Dig. § 700.*]

2. INDICTMENT AND INFORMATION (§ 180*)—DESCRIPTION OF PERSONS BY DIFFERENT NAMES—VARIANCE.

Defendant was indicted for disposing of liquor to one "John Lumby," an Indian, and, though he testified that his name was "John Lombard," his brother testified that his name was Sylvester "Lumby," and the other witnesses referred to the prosecuting witness as "Lumby." Held, that either "John Lombard" and "John Lumby" were one and the same, or a clerical error was made in the entry of the name "John Lombard," and hence there was no variance.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 551–556; Dec. Dig. § 180.*]

Sanborn, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Granville Rogers was convicted of illegally selling liquor to an Indian, and he brings error. Affirmed.

John A. Remy, of Guthrie, Okl. (Milton Brown, of Guthrie, Okl., on the brief), for plaintiff in error.

W. B. Herod, Asst. U. S. Atty., of Guthrie, Okl. (Isaac D. Taylor, U. S. Atty., of Guthrie, Okl., on the brief), for the United States.

Before SANBORN and SMITH, Circuit Judges, and POPE, District Judge.

SMITH, Circuit Judge. The plaintiff in error, Granville Rogers, hereafter called the defendant, was indicted charged with disposing of liquors to John Lumby, a member of the Osage Tribe of Indians, to whom no allotment was made prior to May 8, 1906. The defendant was tried, convicted, and sentenced.

The assignments of error are substantially:

(1) The court erred in permitting the assistant United States district attorney in the presence of the jury to request the court to remand John Lumby and Sylvester Lumby to the grand jury.

(2) The court erred in overruling the defendant's motion to instruct the jury to return a verdict finding the defendant not guilty when all the evidence had been introduced.

[1] It is conceded that in the first assignment of error there is a mistake. No motion was ever made as to John Lumby, and no such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

motion was made as to Sylvester Lumby. It does appear from the testimony of Mr. Sylvester Lumby, a witness for the government, that he and four others went into a restaurant across the street from the butcher shop, where it is claimed defendant disposed of beer in question and there had a lunch composed of beef tongue, cheese, and crackers, and then went over to the butcher shop and got beer, paying nothing for it except what had been paid for the lunch. The assistant attorney claimed, at least inferentially, that the testimony of the witness was in conflict with that given by him before the grand jury, and the record shows:

"Mr. Herod: I would like to have this witness remanded to the custody of the marshal.

"Mr. Remy: We object to a play of that kind in the court here.

"Mr. Herod: I want it understood I want no such language as that used. This is no play at all.

"The Court: Counsel for the defendant will make no comment whatever about the action sought of the court. The district attorney asks to have the witness remanded. That is his motion and the court will sustain it for the time being until the matter can be investigated. That order will be made—finish your examination.

"Q. That's all.

"The Court: In case the district attorney makes the request at the conclusion of the testimony of the witness. It will not be made at this time."

It thus appears that not only did the prosecuting attorney not request the court to remand John Lumby to the grand jury, and did not request that Sylvester Lumby be remanded to the grand jury, but to the marshal. For what purpose was not suggested, whether for contempt or to await the action of the grand jury, or what, does not appear. It thus appears that there is nothing in the record tending to sustain any part of the assignment of errors. The record here, as elsewhere, is probably binding on us, while it seems probable that it is erroneous. But if the assignment had been correctly made that the court erred in permitting the assistant United States attorney in the presence of the jury to request that said Sylvester Lumby be remanded to the custody of the marshal, still error would not appear. If such a motion, applied, not to the defendant, but to a witness for the government, were in and of itself misconduct, then in every instance the United States Attorney must determine at his peril whether the motion was well taken or not, as if made and not well taken it would result in a new trial. It was here made without comment, and there was no possible prejudice to the defendant. There was no exception at the time and is no assignment of error to the language of the court, and that is left in such uncertainty by the form in which it appears that it is not the subject of consideration by this court. The motion was in effect overruled, and there is nothing reflecting upon the defendant in the ruling in reference to a government witness.

[2] Under the second assignment it is claimed that the name of the Indian to whom liquor was disposed was "John Lombard" and not "John Lumby" as stated in the indictment. This matter seems to have never been called to the attention of the court below, but the record shows:

"John Lumby called as a witness for the government, being duly sworn, testified as follows, questioned by Mr. Herod:

"Q. State your name to the jury. A. John Lombard. * * *

"Q. What's your brother's name? A. Sylvester Lombard."

Aside from this there is nothing to indicate the man's name was Lombard.

Sylvester Lumby was called as a witness, and, upon being interrogated by Mr. Herod, testified:

"Q. Your name is Sylvester Lumby? A. Yes, sir."

The witness Matt Williams swears that the two Lumby boys were together at the place and names John Lumby as one of them.

Jim Burns testified that he knew the two Lumbys. The record shows that John Lumby was recalled by the government. The defendant testified:

"Q. You did have this conversation with John Lumby about the beer? A. No, I never said anything like he said I did.

"Q. You didn't? A. No, sir.

"Q. How come you to be talking to him about it? A. Well, after the other boys got to drinking, he just mentioned beer, or he just got me some beer out of the barrel," etc.

He frequently refers to this man John Lumby and says he went to school with him. It is manifest either that John Lombard and John Lumby were one and the same, or that a clerical error was made in the entry of the name John Lombard.

It is true that the jury might have found the defendant not guilty under the evidence, but it found him guilty, and we think there is sufficient evidence to sustain that verdict.

No error is found, and the judgment is affirmed.

SANBORN, Circuit Judge, dissents.