KRYPTOK CO. v. HAUSSMANN & CO.

(District Court, E. D. Pennsylvania. August 3, 1914.)

No. 587.

PATENTS (§ 301*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The fact that the owner of a patent is not a manufacturer thereunder, but grants licenses under which he receives royalties, is not ground for refusing a preliminary injunction against infringement to which he is otherwise entitled on the giving of a bond by defendant to secure dam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages which may be recovered, nor is the pendency of a suit in another court in which the same defenses are about to be passed on.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. § 301.*]

In Equity. Suit by the Kryptok Company against Haussmann & Co. On motion for preliminary injunction. Motion granted.

See, also, 216 Fed. 267.

Horace Pettit, of Philadelphia, Pa., and Rosenbaum, Stockbridge & Borst, of New York City, for plaintiff.

Wm. C. Schwebel and I. S. Prenner, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The general facts of this case sufficiently appear in the cases cited. The pleadings and the affidavits submitted show the plaintiff in this application to stand upon the grounds of the issuance to it of a patent, an adjudication in its favor of the proprietary rights claimed under this patent, and the issuance of a preliminary injunction in a case in which all the defenses here urged are set up. The plaintiff is therefore entitled to the preliminary injunction for which it now asks. The awarding of the writ after the oral argument at bar was withheld to enable the parties to submit briefs and file supplemental affidavits. These have been placed before us and fully considered. There is no very confident denial of the prima facie right of the plaintiff to relief. The point is made that the plaintiff is not the manufacturer of the patented article, but the recipient of royalties from licensees, and that in consequence the extraordinary remedy of a pendente lite injunction may be withheld without injury to the plaintiff, who may be fully compensated in damages, and this may be secured to plaintiff by the requirement of the defendant to give bond to render a full accounting. In support of this we are pointed to the fact that the same view of the case was successfully presented to Judge Ward in the case of the same plaintiff against Harris, 216 Fed. 642, arising in the Southern District of New York, Second Circuit.

Another reason for the withholding of this emergency relief is urged in the fact that the defenses now set up are before and about being submitted to Judge Hazel in the case of the same plaintiff against Bifocal Co., and that the awarding of the writ asked for may well await a hearing on the merits in that case; the plaintiff being protected by a bond to secure an accounting.

The conclusion tentatively reached at the oral argument at bar has not been shaken by a careful perusal of the submitted briefs. One right which a patentee has is to secure to himself the receipt of royalties for the agreed use of his proprietary right. If any user (although a piratical one) may be permitted to continue an unauthorized use on like terms of payment of a royalty, the plaintiff would be unable to find any one to enter into agreements with it. To refuse the plaintiff the relief to which it is entitled because of the case pending in the Second Circuit until that case is decided upon its merits is to accord to the defendant here, because of that case, an indulgence which the court

there refused to accord to the defendant in that case. Kryptok Co. v. Stead Lens Co., 190 Fed. 767, 111 C. C. A. 495, 39 L. R. A. (N. S.) 1; Id. (D. C.) 207 Fed. 85; Same v. United Bifocal Co. et al., Western District of New York, 214 Fed. 983; Same v. Harris (Southern District of New York) 216 Fed. 642.

A preliminary injunction is therefore awarded, the writ to issue upon bond being given in the sum of $10,000, and counsel may submit a formal decree and a bond, with sureties, for approval.

