**THOMAS FRENCH & SONS, Limited, et al. v. CARLETON VENETIAN BLIND CO., Inc.**

Civ. No. 507.

District Court, E. D. New York.

July 24, 1940.

---

Harry C. Bierman, of New York City, for plaintiffs (opposed).

John B. Cuningham, of New York City, for defendant (for motion).

BYERS, District Judge.

The defendant seeks a restraining order to prevent the plaintiffs from bringing any further suit or suits on any one or more of the patents described in the bill of complaint herein, until this cause or similar litigation now pending in the Southern District numbered Civil Action 5—297 shall have been finally disposed of.

The plaintiffs seek the customary relief for alleged patent infringement in connection with webbing used in the manufacture of Venetian blinds.

The plaintiffs have twice represented to this Court that the action could not proceed to trial because of the unavailability of one or more witnesses, now in England, whose testimony is necessary in the presentation of the plaintiffs' cause; also there have been statements made by a responsible officer of one of the plaintiffs, which are capable of being construed as an expression of intention to bring other suits against dealers or customers of the manufacturers who are actually defending this cause, for coercive reasons.

It is a serious thing to forbid a patentee to institute litigation in the vindication of his patent, but the circumstances here involved, to which only partial allusion has been made, seem to justify a restraint against vexatious and unnecessary litigation, so that this cause or the one pending in the Southern District may proceed to final adjudication in a forum selected by the plaintiffs, without exposing the trade in general to a multiplicity of suits having to do with the same subject-matter.

This Court has suggested to the parties a form of stipulation, which is acceptable to the defendant but not to the plaintiffs; it is believed that the provisions embodied in that proposed stipulation are entirely just to the plaintiffs. Accordingly the motion will be granted to the extent therein suggested, namely:

The plaintiffs are to be restrained and forbidden to bring a suit or suits for the alleged infringement of the patents described in the bill of complaint, against any persons, firms or corporations other than those who are actually manufacturing the alleged infringing devices; circulars and all forms of communications addressed to customers of any of those manufacturers, on the subject of these litigations involving the patent or patents in suit, may not be issued directly or indirectly by the plaintiffs, pending the final determination of this cause or the one pending in the Southern District to which reference has been made.

In the order to be settled in connection herewith, the names of the manufacturers who are defending this cause are to be stated; and the order shall further provide that the plaintiffs may move to vacate it, upon due notice, if it shall be made to appear that the defendant or any of said manufacturers are unnecessarily or unreasonably seeking to delay the trial of this cause or the one pending in the Southern District.

Settle order.