1022

HOOK et al. v. HOOK & ACKER-
MAN, Inc.

Civ. A. No. 7990.

United States District Court
W. D. Pennsylvania.

July 12, 1951.

William B. Jaspert, Pittsburgh, Pa., for
plaintiffs.

Harry Price, New York City, and Charles
L. Cunningham (Stonecipher & Cunning-
ham), Pittsburgh, Pa., for defendant.

BURNS, District Judge.

As I interpret the opinion of the Court
of Appeals in reinstating the complaint,
counterclaim, and cross-complaint in this
case, Hook v. Hook & Ackerman, 3 Cir.,
1951, 187 F.2d 52, the appellate court be-
lieves that this Court should decide the
issues of patent infringement, threats of
suits under claim of infringement, and un-
fair trade. As to any questions arising out
of the assignment of the patent, the Court
noted that suit would have to be filed in a
jurisdiction appropriate to the alleged mis-
feasors.

Plaintiffs here seek summary judg-
ment on the question of patent infringe-
ment. Samples of the machines have been
produced in court, and affidavits and argu-
ment have been directed to the status of the
prior act. I recognize the power of this
Court to grant summary judgment in pat-
ent-infringement declaratory judgment pro-
ceedings; but I believe the facts of the case
at bar militate against adoption of such
action. Even if it be assumed that this
Court, in its discretion, could summarily
dispose of the infringement question with-
out also passing upon the unfair trade al-
legations of defendant, the close relation-
ship between those issues in this case would
deter me from attempting the exercise of
such power. The public interest in this
controversy dictates that the unfair trade
aspects of this case be decided at the same
time as are the patent infringement ques-
tions.

Moreover, summary judgment
may be granted only when there is no gen-
uine issue of material fact; and, in patent
infringement cases, courts are likely to
grant summary judgment only when the
technical aspects are readily comprehensi-
ble and need little or no explanation by ex-
perts. See Steigleder v. Eberhard Faber
Pencil Co., 1 Cir., 1949, 176 F.2d 604, certio-
rari denied 1949, 338 U.S. 893, 70 S.Ct. 244.
In the case at bar, plaintiff does not attack
the validity of the patent of defendant, but
limits the invention of the patent to the

cycloidal curved shape of the boiler tubes and the interlocking flanges for enclosing the intermediate sections. Defendant not only denies that the boiler of plaintiffs differs substantially from that of defendant in those two respects, but also intimates that the boiler of defendant differs in other important ways from the prior art. On the basis of the information offered me in affidavits and oral argument, I cannot say that a material question of fact does not exist.

██ A number of other motions had also been pending when oral argument was had on the motion for summary judgment. At the oral argument, counsel withdrew all such motions, except that defendant reasserted a motion for change of venue to the District of Columbia. This Court believes, and reaffirms what was said in an opinion dated April 25, 1951, that it would be highly desirable to adjudicate the entire controversy between the parties in one action where all concerned appear. The Court of Appeals, however, 187 F.2d at page 59, has indicated that the issues at bar can be tried in this District, and no cogent reason has been advanced for removing the case to a district in which none of the principals resides.