HOOK et al. v. HOOK & ACKERMAN, Inc.

Civ. 7990.

United States District Court
W. D. Pennsylvania.

Nov. 20, 1951.

William B. Jaspert, Pittsburgh, Pa., for plaintiff.

Charles L. Cunningham, Pittsburgh, Pa., Harry Price, New York City, for defendant.

STEWART, District Judge.

On July 19, 1949, plaintiffs brought this action seeking a declaration that the "Hook & Miller" boiler embodies none of the inventions covered by patent No. 2247796 and that therefore the patent is not being infringed by them. In addition, plaintiffs prayed in their complaint that the defendant corporation and its agents be enjoined from asserting, contending, claiming, or alleging that plaintiffs' boiler infringes the patent, and from suing plaintiffs and plaintiffs' customers in other districts pending the disposition of this case.

Subsequent to the filing of this action, the defendant filed four separate actions in four different districts against various customers of the plaintiffs. In all of these suits, the plaintiffs herein, together with John A. McCance and Harold S. Ackerman, were impleaded as involuntary plaintiffs. The issues in each of the suits are identical inasmuch as the complaints allege the same facts except with respect to the particular customer involved and seek the same relief. In view of these facts, it will not be necessary to treat each of these four suits separately.

This case is now before the court on two contemporaneous motions: (1) Plaintiffs' motion to enjoin the defendant from prosecuting the suits which it has brought against plaintiffs' customers, and any that it may hereafter bring, pending disposition of this case; and (2) Defendant's motion for a stay of the present proceedings pending disposition of the trial of the case filed in the United States District Court for the District of Columbia, being one of the four suits referred to heretofore.

There is some authority for the proposition that in a suit against a manufacturer for infringement of a patent, the Court may, upon application, restrain complainant, until the determination of the pending suit, from instituting or prosecut-

82

ing oppressive and vexatious infringement suits against customers of defendant. Maytag Co. v. Meadows Mfg. Co., 7 Cir., 1929, 35 F.2d 403; Thomas French & Sons v. Carleton Venetian Blind Co., D.C.E.D. N.Y., 1940, 34 F.Supp. 850. Although these cases would support plaintiffs' contention here, this court is bound by a decision of the Court of Appeals for the Third Circuit which is contra in result and requires the court to deny plaintiffs' motion. In Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 1943, 138 F.2d 46, certiorari denied, 1943, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471, the court held that it is only after a suit against the manufacturer results in a final judgment in its favor that the manufacturer may restrain suits against its customers for reselling the same product and reversed an order of the lower court granting an injunction on facts substantially similar to those existing in this case. There has been no final judgment here; instead, the declaratory judgment action is still pending as it was in the Triangle case, supra. We must, therefore, deny plaintiffs' motion.

■ Defendant's motion for a stay must also be denied for several reasons. In effect, defendant is again seeking the same relief recently denied by Judge Owen M. Burns of this court, Hook v. Hook & Ackerman, Inc., 98 F.Supp. 1022. In that proceeding, defendant sought a change of venue to the District of Columbia, while it is now seeking to have this court grant a stay of the proceedings in this case pending the disposition of the suit filed in the District of Columbia. However, regardless of the title of the motion, it is clear that defendant is seeking the same relief in both. In any event, the reasoning of Judge Burns in refusing to grant a change of venue is equally cogent here, and no new matter has been presented to this court which would support a different conclusion.

Furthermore, the Court of Appeals for the Third Circuit has stated in a prior opinion in this case, 187 F.2d 52 at page 59, that "The matter of infringement and of threats and of possible suits under claim of infringement and the issue of unfair trade

can be settled by litigation between the corporation and Hook and Miller. And since the alleged infringers and unfair traders and the charging corporation all reside in the United States Judicial District in which the action is pending, the action on these issues can be tried there." Judge Burns interpreted this opinion as representing a belief by the appellate court that this court should decide the issues of patent infringement, threats of suits under claim of infringement, and unfair trade.

Finally, it may be noted that while we cannot grant the injunction requested by the plaintiff at this time, there is the possibility that the case in this District will be tried first, and being the fundamental one, may expedite and perhaps dispose of the other four suits.