**HOOK et al. v. HOOK & ACKERMAN, Inc.**

**Civ. No. 7990.**

United States District Court
W. D. Pennsylvania.
March 14, 1952.

See also 89 F.Supp. 238.

William B. Jaspert, Pittsburgh, Pa., for plaintiffs.

Charles L. Cunningham, Pittsburgh, Pa., Harry Price, New York City, for defendant.

STEWART, District Judge.

Plaintiffs brought this action seeking a declaratory judgment to the effect that the "Hook & Miller" boiler embodies none of the inventions covered by Patent No. 2247796 and that therefore that patent is not being infringed by them. After numerous proceedings in this matter, the plaintiffs filed a petition on July 31, 1951, asking this Court to enjoin the "defendant Hook & Ackerman, Inc. from prosecuting the suits which it has brought against plaintiffs' customers, and any that it may hereafter bring, pending final decision in this case". The suits referred to are four in number, brought subsequent to the date of this action in four United States District Courts claiming damages for patent infringement.

Relying on the decision by the Court of Appeals for the Third Circuit, in Tri-angle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 1943, 138 F.2d 46, hereinafter referred to as the second Triangle case, this Court refused to grant the injunction. D.C.W.D.Pa.1951, 101 F.Supp. 81. Plaintiff has now petitioned for a rehearing.

The question now before us involves a determination of the extent of the holding in the second Triangle case. As we understand that case it is controlling here to the extent that plaintiffs seek an injunction against the prosecution of the actions against the customers. Since we did not elaborate on our reasons for so holding in the prior opinion, we shall now do so in an effort to clarify our position.

The facts in the second Triangle case are summarized by Judge Maris, speaking for the Court of Appeals, at page 46 of 138 F.2d as follows: "Triangle commenced an action in the District Court for the District of Delaware seeking a declaratory judgment of invalidity with respect to eleven patents owned by National which National claimed had been infringed by Triangle. While this action was pending National filed a patent infringement suit in the District Court for the Eastern District of Michigan charging Triangle with having infringed ten of the National patents by manufacture, sale and use and charging Sears, Roebuck & Company, Inc. with having infringed by reselling articles manufactured in violation of six of the National patents. All of the enumerated patents were already involved in the declaratory judgment suit. The Delaware district court denied Triangle's petition for an order restraining National from prosecuting the patent infringement suit so as to await an adjudication in the declaratory judgment suit. Upon appeal this court reversed and held that it was the duty of the Delaware Court to enjoin National from proceeding with *the cause of action stated in the Michigan suit against Triangle* until after the declaratory judgment action had been decided. Triangle Conduit & Cable Co., Inc., v. National Elec. P. Corp., 3 Cir.1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750. Thereafter the district court of Michigan

entered a consent decree staying all further proceedings *of the cause in so far as concerned the action against Triangle*. In the same consent order the Michigan district court severed the cause of action against Sears. * * * Triangle thereupon moved in the district court of Delaware to enjoin the prosecution of National's severed suit against Sears on the ground that if the adjudication in the Delaware declaratory judgment suit is favorable to Triangle that adjudication will be entirely dispositive of the Michigan suit. The injunction was granted by the district court of Delaware because it construed the language of our opinion in Triangle Conduit & Cable Co., Inc., v. National Elec. P. Corp., supra, as requiring such a result." (Emphasis added.)

The Court of Appeals reversed the lower court, holding at page 48 of 138 F.2d that: "It is only if a suit against the manufacturer results in a final judgment in its favor that the manufacturer may restrain suits against its customers for reselling the same product. Kessler v. Eldred, 1907, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. That right accrues in order that the judgment may have its full and proper force rather than because the actions are the same. Since there has been no final judgment in favor of Triangle it is in no position at the present time to rely upon the doctrine of Kessler v. Eldred."

In doing so, the Court stated, at page 47 of 138 F.2d that: "The question whether Triangle is entitled to have the prosecution of that cause of action enjoined, now that it has been severed from National's claim against Triangle, is directly before us for the first time upon the present appeal."

This latter statement is the one upon which the plaintiffs place reliance to support the argument that the holding applies only where customers alone are involved in the suit—the prosecution of which is sought to be enjoined—and not where the manufacturer is also a party, unless prior to the petition for an injunction, the portion of the suit against the manufacturer is severed from the suit against the customer. We cannot agree with this statement of the effect of the holding in the second Triangle case. Rather, we feel that the holding, quoted supra, applies to any attempt to enjoin the prosecution of the cause of action against the customer as distinguished from the cause of action against the manufacturer.

Plaintiffs argue that the decision in Triangle Conduit & Cable Co. v. National Elec. Products Corp., 3 Cir., 1942, 125 F. 2d 1008, hereinafter referred to as the first Triangle case, supports their position. However, we think that the Court of Appeals was considering only the enjoining of the prosecution of the cause of action against the manufacturer in that case. Several statements by Judge Maris who wrote the opinion for the Court in that case seem to make this clear. After referring to the holding in Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, and after raising the question of whether that holding applies where a manufacturer and customer are joined as defendants, the Court states, at page 1009 of 125 F.2d:

"* * * We think, however, that the applicability of the rule of the Crosley case does not depend on whether or not in the subsequent infringement suit a reselling customer is joined as an additional defendant pursuant to the broad authority for the joinder of parties and causes of action conferred by Civil Procedure Rules 18 and 20, 28 U.S.C.A. following section 723c. *For it has long been settled that the cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product.* The recovery of a judgment for damages against the manufacturer does not bar a suit to recover damages from his customer who resells. * * *

"Civil Procedure Rule 21 permits any claim against a party to be severed and proceeded with separately. Consequently even though *National is enjoined from proceeding against Triangle* it is fully empowered to sever its separate cause of action against Sears, Roebuck & Company and to proceed with the prosecution of that cause of action alone. * * * Regardless of the presence of the cause of action

against Sears, Roebuck & Company in the infringement suit in the Eastern District of Michigan *it was the duty of the court below to enjoin National from proceeding with the cause of action stated in that suit against Triangle* until after the present declaratory judgment action has been decided." (Emphasis added.)

Further, in the second Triangle case, Judge Maris referred to the prior holding in the first Triangle case, at page 46 of 138 F.2d as follows: "Upon appeal this court reversed and held that it was the duty of the Delaware Court to enjoin National from proceeding with *the cause of action stated in the Michigan suit against Triangle* until after the declaratory judgment action had been decided. Triangle Conduit & Cable Co., Inc., v. National Elec. P. Corp., 3 Cir. 1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750." (Emphasis added.)

At page 47 of 138 F.2d: "We held that the mere addition of the customer as a party defendant might not be made the basis for transferring the adjudication of *the cause of action between Triangle and National* from the district court in Delaware to the district court in Michigan in the face of the rule of the Crosley case, but that the court should have enjoined the further prosecution of *that cause of action* in the Michigan district court regardless of the presence in the suit of the cause of action against Sears. Except for its possible effect upon the applicability of the doctrine of the Crosley case we at that time were not called upon to concern ourselves with *National's cause of action against Sears,* although we took occasion to point out that under the liberal severance provisions of Civil Procedure Rule 21, 28 U.S.C.A. following section 723c, an injunction *against the prosecution in the Michigan district court of National's cause of action against Triangle* need not necessarily interfere with the prosecution of its cause of action against Sears since the latter could be severed and proceeded with alone." (Emphasis added.)

The distinction between the cause of action against the manufacturer and the cause of action against the customer is ap-

parent in both of the Triangle decisions. In the first Triangle case, the Court of Appeals held that it was the duty of the lower court to enjoin the prosecution of the cause of action against the manufacturer. In the second Triangle case, in an opinion written by the same judge, the Court of Appeals held that the lower court could not enjoin the prosecution of the cause of action against the customer until there was a final judgment in the manufacturer's favor.

In the present case, we have informed plaintiffs' counsel at various times that we would enjoin the prosecution of the cause of action against the manufacturer, which come about by reason of the cross-claims in the four suits in other districts. However, plaintiffs do not desire such relief. They ask us to enjoin the prosecution of the cause of action against the customers. They argue that the fact that the manufacturers are joined as involuntary plaintiffs renders inapplicable the holding in the second Triangle case, and that the holding of that case becomes applicable after a severance of the two causes of action. In our opinion, the reference to severance in the two Triangle cases relates to the procedure of severance of the causes of action and has no relation to the substantive holding. Since the parties were joint defendants in the first Triangle case, a severance was the necessary procedure to segregate the causes of action for trial. Here, each of the four infringement suits sought to be enjoined was filed against a customer. The manufacturers were joined as involuntary plaintiffs and a cross-claim was filed against them by the patent holder. A technical severance is not the necessary procedure here for the segregation of the causes of action. All that need be done would be to enjoin the prosecution of the cross-claims and the actions could continue on the complaints filed against the customers.

Further, plaintiffs argue that the decisions in Crosley Corporation v. Hazeltine Corporation, supra, and in Cresta Blanca Wine Corp. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012, support their position. The Crosley case, supra, preceded the two

Triangle cases, and was applied by the Court of Appeals in the first Triangle case. Since the suit sought to be enjoined in the Crosley case, supra, was against the manufacturer alone, the holding of that case can have no greater effect than a subsequent holding by the same court in which the suit sought to be enjoined was against the manufacturer and customer.

The decision in Cresta Blanca Wine Co., Inc., v. Eastern Wine Corporation, supra, adds nothing to the rules already set forth. Rather, it supports our position in this regard. The Court cites the second Triangle case with approval, and holds, at page 1014 of 143 F.2d: "The duty to enjoin the prosecution of a proceeding later instituted in another federal district arises 'only if the controversy in each court involves the same issues and the same parties.' Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 138 F.2d 46, 47, certiorari denied 320 U.S. 784, 64 S.Ct. 191, [88 L.Ed. 471]. Schenley was not a party to the New York suit. Only if Cresta should obtain a favorable judgment in that suit would it be entitled to restrain the prosecution by Eastern of an infringement action against a distributor of Cresta's wines. See Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065; Triangle Conduit & Cable Co. v. National Electric Products Corp., supra."

Finally, plaintiffs argue that the recent decision of the Supreme Court of the United States in Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Company, 342 U.S. 180, 72 S.Ct. 219, 222, supports their position. We cannot say that this holding is broad enough to negative the effect of the holding in the second Triangle case. On the contrary, there are statements which seem to support the position already taken by this Court, as follows: "The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits *against him* by the patentee can within

the trial court's discretion be enjoined pending determination of the declaratory judgment suit, and a judgment in his favor bars suits against his customers." (Emphasis added.)

Therefore, we will deny plaintiffs' petition as it now stands. However, as indicated heretofore, we are willing to enjoin the prosecution of the cross-claims filed against the manufacturers, if plaintiffs submit a petition and proposed order to that effect to this Court within ten days from the date hereof.