**HELENE CURTIS INDUSTRIES, Inc. et al. v. SALES AFFILIATES, Inc.**

**GILLETTE SAFETY RAZOR CO. et al. v. SALES AFFILIATES, Inc.**

Nos. 92 and 93, Dockets 22456, 22457.

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1952.

Decided Nov. 5, 1952.

Charles H. Tuttle, New York City (Morgan, Finnegan & Durham, George B. Finnegan, Jr., William L. Hanaway, and Stuart H. Johnson, Jr., all of New York City, on the brief), for defendant-appellant.

Henry R. Ashton, New York City (Fish, Richardson & Neave, New York City; Kenyon & Kenyon, Theodore S. Kenyon, Maurice S. Cayne, Malvin R. Mandelbaum, and John A. Reilly, all of New York City; Edgar H. Kent, Boston, Mass., and Harry R. Pugh, Jr., and Rynn Berry, both of New York City; and Hawkins, Delafield & Wood and Clarence Fried, all of New York City, on the brief), for plaintiffs-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

## PER CURIAM.

In the opinion below, D.C.S.D.N.Y., 105 F.Supp. 886, the district judge supports his grants of injunction restraining prosecution of substantially identical litigation in the federal court in Texas with cogent reasons why this many faceted and bitter patent dispute should be concentrated in New York. These we are constrained to accept on these appeals. Generally speaking, a simple case pending in diverse courts may be allowed to go forward simultaneously in each tribunal until one reaches final judgment, and prior judicial control or direction is unnecessary if not undesirable. But that is not the case when a major industry is left in turmoil for some years while litigation as to it sprouts in various parts of the country. Here, the basic question at issue is as to the validity and meaning of a single patent, the McDonough Patent, No. 2,577,710, for Permanent Waving Solutions involving "cold permanent waves," which, as the district judge puts it, "have revolutionized the mode by which the women of America, and, it is added, of most of the civilized world improve upon nature's bounty." 105 F.Supp. at page 889. It appears that after strong threats of litigation had demoralized the business and the two present suits for declaratory judgments of invalidity had been instituted, the defendant filed a total of six infringement actions against ten concerns in different parts of the country. Of these, it has now withdrawn four in Washington, D. C., and desires to press the two pending in Texas. Under the principles of Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, and Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 192 F.2d 872, the matter should be heard and disposed of once and for all in one adjudication. And New York is the normal and convenient place where that should be had. It is not only the venue of the earliest suits and the situs of the defendant's incorporation and principal office; it is also the locality of most of the technical and important witnesses, including the purported inventor, and thus the place where the problems involving novelty and prior art can be most easily and directly investigated. All the alleged infringers sued in Texas have now been permitted to intervene here; and the federal court in Texas, after the grant of injunctions in the court below, has transferred the cases to this court, under the power given it by 28 U.S.C.A. § 1404(a). Finality of adjudication as to the patent, thus allowing the business to compose itself, can be secured in New York and cannot be secured in Texas.

But a single possible obstacle remains, one clearly fostered and sustained by defendant. It took out the patent in the name of its affiliate, The Procter & Gamble Company, which it has made a party to its Texas actions, but which cannot be reached by process here. Yet by the terms of the "assignment," defendant retains the right at its own expense to conduct all Patent Office proceedings, to grant licenses, to bring and defend suits at its own expense, and to take the proceeds. We agree with the district judge that the record owner is not "indispensable," but that defendant controls and represents it for all practical purposes here. A. L. Smith Iron Co. v. Dickson, 2 Cir., 141 F.2d 3.

Defendant also objects to the references of all issues to former District Judge Simon H. Rifkind as Special Master for hearing and report. All other parties before us warmly support the reference. It is true, as indeed the Federal Rules of Civil Procedure, Rule 53(b), 28 U.S.C.A., state, that reference to a master should be the exception; delay, expense, and the postponement of judicial consideration all so suggest. But the very existence of a rule providing for an exceptional course means that occasionally at least that course may be followed. Further hearings—already under way—before so experienced a trier suggest a good probability that the program now ordered will expedite settlement of the difficult and troublesome issues here involved. At any rate, there is no showing at all adequate to justify resort to the extraordinary remedies of mandamus and prohibition. Ex parte Fahey, 332 U.S. 258, 259, 67 S.Ct. 1558, 91 L.Ed. 2041; Roche v. Evapo-

734

rated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. The district court finds defendant guilty of "forum shopping with a vengeance." 105 F.Supp. at page 902. There is certainly strong support for this in the record, not lessened by the defendant's vigorous appeals to us during the summer and now. Defendant could more properly push forward with the hearings already under way and thus assist in hastening the adjudication which all should wish to obtain.

The orders of injunction are affirmed; the petition for mandamus and/or prohibition is denied; and the mandate of this court will issue at once.