**INTERNATIONAL NICKEL CO., Inc. v. FORD MOTOR CO. et al.**

(two cases).

United States District Court
S. D. New York.

Dec. 8, 1952.

834

Cooper, Byrne, Dunham, Keith & Dearborn, New York City, Sullivan & Cromwell and Anthony William Deller, New York City, of counsel, for plaintiff.

Kenyon & Kenyon, New York City, Theodore S. Kenyon, Ralph L. Chappell, John A. Reilly and Robert G. Harris, New York City, of counsel, for defendants.

Carter, Ledyard & Milburn, New York City, William L. Marbury and J. Martin McDonough, Baltimore, Md., of counsel, for applicant for intervention.

IRVING R. KAUFMAN, District Judge.

The International Nickel Company, Inc., on August 14, 1952 initiated an action in this court against the Ford Motor Company and Caswell Motor Company, Inc., a dealer in Ford products, charging that the defendants " * * * are now manufacturing, using and/or selling articles * *" which infringe plaintiff's patent Number 2,485,760. (Paragraph 7 of the complaint.) The prayer asks for judgment holding said letters patent valid, enjoining defendants from using or causing to be used articles embodying the inventions covered by this patent and for an accounting and award to plaintiff of its damages.

On October 2, 1952, plaintiff amended paragraph 7 of its complaint to read " * * [defendants] are now manufacturing, using and/or selling Ford automobiles which contain shafts which are made according to and embody the inventions of said Letters Patent 2,485,760 * * *."

On October 6, 1952 plaintiff filed a complaint in the United States District Court of Maryland against Martin J. Barry, Inc., alleging that Barry " * * * did unlawfully use and sell Lincoln automobiles which contain shafts which are made according to and embody the inventions of said Letters Patent 2,485,760 * * *",

seeking a declaration of the patent's validity, an injunction, and an accounting.

The Ford Motor Company manufactures Lincoln automobiles but is not a party to this later action nor is it subject to suit in Maryland. The complaint is the sole pleading in the Maryland action.

In the New York action, on October 14, 1952, defendants Ford Motor Company and Caswell Motor Company, Inc., by joint answer denied the validity of the patent, denied infringement, and alleged invalidating anticipations. By way of counterclaim these defendants seek a declaratory judgment that the patent in suit is invalid. On November 5, 1952, plaintiff replied, challenging the sufficiency of the counterclaim and denying that there is any actual controversy between the parties except that made by the complaint and the denials thereto.

Urging that the issues presented in the New York litigation are the same as those involved in the subsequent action in Maryland, the defendant Martin J. Barry, Inc., here moves to intervene so that all the parties to the Maryland action will be before this court, and further moves to enjoin prosecution of the Maryland action on the grounds that New York is the more convenient forum for the trial of such issues. Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925; Ronson Art Metal Works v. Brown & Bigelow, D.C.S.D.N.Y., 105 F.Supp. 169, affirmed 2 Cir., 1952, 199 F.2d 760.

The paramount obstacle which, at the outset, the defendant must overcome before such a motion should be granted is that raised by the statute, 28 U.S.C. § 1400 (b), which provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Moreover, it is well settled that prior to a determination of a patent's invalidity[1] the patentee has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer. Birdsell v. Shaliol, 1884, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768. Thus if this is nothing more than a single suit against a manufacturer and one customer in one district court and another suit against a second customer in another district court, the patentee would merely be following a course of conduct permitted by the statute and to enjoin prosecution of the subsequent customer litigation would deny effect to the provisions of the venue statute.

The Court of Appeals for the Second Circuit has recognized that it is not unusual for the patentee to litigate in more than one court and has said:

"[G]enerally speaking, a simple case pending in diverse courts may be allowed to go forward simultaneously in each tribunal * * * and prior judicial control or direction is unnecessary if not undesirable." Helene Curtis Industries, Inc., v. Sales Affiliates, Inc., 2 Cir., 1952, 199 F.2d 732.

I must consider then whether the facts before me present such compelling circumstances as to warrant, in the interest of "wise, judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation"[2] exercise of judicial discretion to enjoin prosecution of an action otherwise allowable. Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 1951, 192 F.2d 872; Helene Curtis Industries, Inc., v. Sales Affiliates, Inc., 2 Cir., 1952, 199 F.2d 732.

Plaintiff asserts that the present action was instituted against Caswell and Ford in New York because Caswell was the source

---

1. Once a manufacturer has obtained a judgment that the patent is invalid the patentee may not claim infringement of that patent in actions against the manufacturer's customers. Kessler v. El-dred, 1907, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065.

2. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 183, 72 S.Ct. 219, 221.

of infringing crankshafts purchased at plaintiff's instance and Ford was amenable to suit in New York and that Barry was sued in the Maryland action because it was the source of infringing Lincoln shafts purchased at the instance of the plaintiff in Baltimore where Ford is not amenable to suit.

The defendant, Martin J. Barry, Inc., states that the Ford Motor Company has agreed to indemnify it for all costs sustained in defending the Maryland action, although Barry is to retain control of that action. The claim is advanced that Ford is the real party in interest and that the parties in the Maryland action should, therefore, be considered the same as those in the New York action. But an even stronger argument for holding nominally different parties to be identical was advanced and rejected in Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012, where a parent corporation was not allowed to intervene in an action involving a wholly owned subsidiary.

█ Plaintiff contends that not only are the parties to the Maryland action different but the issues presented by that action also differ since the crankshafts used in the Lincoln cars differ structurally and chemically from those used in Ford cars. Defendant denies this physical difference and further contends that the amended complaint in New York which deals in terms of Ford automobiles does not exclude Lincoln cars since they too are "Ford automobiles". A determination on this point is unnecessary in view of my conclusion that the parties to the Maryland action differ from those present in the New York litigation and that this difference is sufficient to warrant denial of the injunction absent other compelling circumstances which militate in favor of judicial intervention. Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 1942, 125 F.2d 1008, certiorari denied 1942, 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750; Id., 3 Cir., 1943, 138 F.2d 46, certiorari denied 1943, 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471; Hook v. Hook & Ackerman, Inc., D.C.W.D.Pa.1952, 103 F.Supp. 790.

It is true that this court has in the past permitted intervention and ultimately restrained prosecution of another action in instances in which there was strong evidence that the infringement suits were being used as a trade weapon and as a means of coercion and where the suit which was permitted to proceed brought together all the parties and presented all the major issues.

Such a case was Helene Curtis Industries, Inc., v. Sales Affiliates, Inc., D.C.S.D.N.Y. 1952, 105 F.Supp. 886, 902, affirmed 2 Cir., 1952, 199 F.2d 732, where strong threats of litigation had demoralized the industry and the defendant was guilty of "forum shopping with a vengeance" (having filed a total of six infringement actions against ten concerns in different parts of the country, four of which were withdrawn and two of which the defendant sought to prosecute in Texas in addition to the action in this court). Intervention was permitted and prosecution of the Texas action was enjoined. The Court of Appeals for the Second Circuit, in affirming, said 199 F.2d 733:

"Under the principles of Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, and Remington Products Corp. v. American Aerovap, Inc., 2 Cir., 192 F.2d 872, the matter should be heard and disposed of once and for all in one adjudication."

However, defendants' reliance upon the Curtis case is ill-advised for the circumstances there presented differ radically from those with which I am now confronted. International Nickel has gone to great lengths to minimize the publicity attendant to these actions. See affidavit of Richard A. Cabell, Asst. Vice-Pres. International Nickel Co., Inc. The Maryland action is the only other suit which has been brought involving this patent and there are no indications that additional actions involving these issues are contemplated. Indeed, I have been advised that no further suits will be instituted.

The most serious hardship which the defendants claim will result if the Maryland action is permitted to proceed is that one William E. Day, said to be a key witness

with respect to anticipation of the patent, has been retained by the plaintiff and is not subject to compulsory process in Maryland. But plaintiff has agreed that Day will appear voluntarily in the Maryland action. Other inconveniences are alleged to result from the action in Maryland and to support these assertions defendants point to the greater convenience of New York as being more proximate to the parties and facilities involved. But litigation is always an inconvenience and the necessity of travelling from New York to Baltimore is not so great a burden as to warrant enjoining the Maryland action in the absence of other circumstances.

I am aware of the fact that the decision in Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 1952, 342 U.S. 180, 72 S.Ct. 219, gives to the lower courts discretion in dealing with restraints of other actions. But courts cannot by judicial fiat supply legislation in their anxiety to reform the present system of patent litigation. Those who find that the maintenance of separate suits against customers as well as against manufacturers is wasteful must resort to the legislature. See, e. g. TNEC Final Rep. 37 (1941) (recommendation that Congress require P[atentee] to establish validity of patent against M[anufacturer] as a prerequisite to action against C[ustomer], cited in 65 Harv.L.Rev. 348, 349 (1952)). It was not the purpose of Kerotest to insure that all patent disputes be resolved in a single litigation. See Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 1952, 342 U.S. 180, 186, 72 S.Ct. 219. There are meritorious cases, and I have not hesitated in such cases to exercise the power of restraining prosecution of other actions in an effort to conserve judicial resources. But this is not such a case.

I therefore deny the motion of the defendant Martin J. Barry for an injunction against the plaintiff's prosecution of the Maryland action.

The motions of this defendant for leave to intervene in the New York action and for leave to adopt the proposed amended answer and counterclaim in the Ford-Caswell motion papers are similarly denied.

Also denied is the motion of the defendants Ford and Caswell for leave to file an amended answer containing a counterclaim, in which Martin J. Barry, Inc., would be added as a party defendant.

There remain to be considered the motions of the defendants Ford and Caswell, and of Martin J. Barry, Inc., to enjoin plaintiff from annoying, harassing or intimidating customers of Ford Motor Company by threatening or commencing suits for infringement of the patents involved in the instant action. As was stated previously there is no evidence that any such suits are in the offing, or that the plaintiff has used suits or threats of suits in any degree as a trade weapon, and these motions are therefore denied.

Settle order.