## BRYANT ELECTRIC CO. v. INDUSTRIAL ELECTRONICS CORPORATION.

### Civil Action No. 4142.

District Court, D. New Jersey.
March 13, 1945.

Cooper, Kerr & Dunham, of New York City (Thomas J. Byrne, of New York City, of counsel), for plaintiff.

Darby & Darby, of New York City (Samuel E. Darby, Jr., of New York City, of counsel), for defendant.

SMITH, District Judge.

The plaintiff, Bryant Electric Company, a wholly owned subsidiary of Westinghouse Electric & Manufacturing Company, brought suit in this court against the defendant, Industrial Electronics Corporation, for the infringement of Patent No. 2,355,476, of which the said plaintiff is allegedly the owner. Thereafter, one Maxwell M. Bilofsky, president of the said defendant, brought suit in the United States District Court for the Southern District of New York against the said plaintiff and the Westinghouse Electric Supply Company for the infringement of Patent No. 2,341,520, of which the said Bilofsky is allegedly the owner. The former suit was filed on November 6, 1944, and the latter suit was filed on November 24, 1944.

The present action is before the Court at this time on the motion of the plaintiff to restrain "any further proceedings in (the) action brought by Maxwell M. Bilofsky * * * against Westinghouse Electric Supply Company" and the plaintiff. This motion must be denied.

It is well established that in all cases of concurrent jurisdiction, the court first acquiring jurisdiction of a controversy should retain it until there is a final adjudication, and, in order to preserve that jurisdiction and prevent vexatious litigation, should enjoin the parties from further proceedings in another forum. Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 913, 86 L.Ed. 1224; Triangle Conduit & Cable Co. v. National Electric Products Corporation, 3 Cir., 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750; Crosley Corporation v. Westinghouse Elec. & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546. It is equally well established, however, that the duty to enjoin further proceedings arises "only if the controversy in each court involves the same issues and the same parties." Crosley Corporation v. Hazeltine Corporation, supra; Triangle Conduit & Cable Co. v. National Electric Products Corporation, 3 Cir., 138 F.2d 46, certiorari denied 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012. It is obvious in the instant case, despite extensive arguments to the contrary, that the issues and the parties in each of the suits in question are not the same.

The said Maxwell M. Bilofsky, the plaintiff in the other suit, is not a party to the present suit and is, therefore, not subject to the jurisdiction of this court. The present motion must, therefore, be denied for this reason, if for no other.

The defendant shall prepare and submit, on notice to the plaintiff, a proper order.