### ARKAY INFANTS WEAR, Inc. v. KLINE'S, Inc.

No. 5712.

United States District Court
W. D. Missouri, W. D.

May 17, 1950.

See also, 93 F.Supp. 967.

Claude A. Fishburn, Kansas City, Mo., Harry Price, New York City, for plaintiff.

Kemp, Koontz, Clagett & Norquist, Thomas E. Scofield, Kansas City, Mo., for defendant.

RIDGE, District Judge.

We understand the issues in this patent action involve claims of infringement of different garments sold by defendant and manufactured by Apco Manufacturing Company, Chicago, Illinois, and Perfect Knit Manufacturing Company, of New York. That a possible claim of infringement may also be made by reason of infant's garments sold by defendant and manufactured by Knitown Togs, of New York City.

In light of the multiple claims of infringing devices involved in this action, we believe it would be an abuse of sound judicial discretion to stay proceedings herein pending disposition of the infringement suit plaintiff now has pending in the United States District Court for the Eastern District of New York, in which Apco Manufacturing Company is named as a direct infringing defendant, for these reasons:

The pendency of a suit for the infringement of a patent is not ground for staying a second suit in another district against a different defendant, particularly where several devices are the premise of the claimed infringement.

Plaintiff, under the law, has the right to assert the validity of his letters patent against all who participate in claimed acts of infringement thereof. Only in rare circumstances should a patent-holder be compelled to stand aside in one court until he litigates the validity of his patent in some other court, even though he has several such actions presently pending against various direct infringers or dealers. Bad faith in the institution of such actions may present such a circumstance. No bad faith on the part of the plaintiff is here established.

In a declaratory judgment action brought by a claimed infringer, the courts have the right to restrain a patent-holder from bringing other actions against dealers of the direct infringer, but only when good cause and irreparable damage is shown to exist for action so taken by the court in which the declaratory judgment is pending. Plaintiff in the case at bar apparently has considerable litigation pending, challenging the validity of its letters patent. Most of such litigation, however, is pending in jurisdictions of which this court may take judicial notice, have excessive dockets, and in which the time of trial is delayed from one to two years after actions are instituted. There is considerable uncertainty raised in the affidavits of the parties as to when the action pending against Apco Manufacturing Company, in the Eastern District of New York, will be reached for disposition. The uncertainty as to the time of the disposition of that action militates against any stay of proceedings in the case at bar.

This cause is now set down for trial on Wednesday June 7, 1950, at 10:00 A.M.