### RADIO CORP. OF AMERICA
v.
### RAULAND CORP. et al.

### ZENITH RADIO CORP. et al.
v.
### RADIO CORP. OF AMERICA et al.
No. 48 C 1818.

United States District Court
N. D. Illinois, E. D.
June 11, 1954.

Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., and Cahill, Gordon, Reindel & Ohl, by John T. Cahill, New York City, Carl S. Lloyd and Weymouth Kirkland, Chicago, Ill., John W. Nields, New York City, for plaintiff-counter-defendant.

McConnell, Lutkin, Van Hook & Paschen, by Thomas C. McConnell, Chicago, Ill., Joseph S. Wright, W. Donald McSweeney, Chicago, Ill., for defendants Rauland Corp. and Zenith Radio Corp.

Essington, McKibbin, Beebe & Pratt, Chicago, Ill., and Simpson, Thacher & Bartlett, by Albert C. Bickford, Thomas Thatcher, New York City, Hamilton K. Beebe and Cyrus Mead II, Chicago, Ill., for cross-defendant General Electric Co.

Sidley, Austin, Burgess & Smith, by Walter J. Cummings, Jr., and George Ragland, Jr., Chicago, Ill., Edward N. Sherry, New York City, for cross-defendant Western Electric Co.

IGOE, District Judge.

This matter comes on to be heard on the motion of Zenith Radio Corporation and The Rauland Corporation, defendants and cross-claimants herein, to be permitted to proceed with discovery proceedings under the Federal Rules of Civil Procedure, 28 U.S.C.A.

In prior proceedings before this Court occurring in April of 1953, Zenith Radio Corporation sought to take depositions in aid of certain anti-trust issues raised in its counterclaim, which sought injunctive relief under the provisions of

Section 16 of the Clayton Act, 38 Stat. 737, 15 U.S.C.A. § 26. At that time it appeared to the Court that similar equitable issues were pending before the United States District Court for the District of Delaware, Zenith Radio Corp. v. Radio Corp. of America, D.C., 106 F.Supp. 561, and that the trial thereof was imminent, and acting upon such understanding this Court indicated to counsel for the parties that in the situation as it was then presented further action on the anti-trust issues then raised in the instant case should await the conclusion of the Delaware action. No formal order staying the instant suit was entered.

Subsequently on January 8, 1954, Zenith Radio Corporation and The Rauland Corporation sought leave to file an amendment to their counterclaims herein, in which they set up that because of alleged violations of the anti-trust laws cross-claimants were excluded from carrying on their respective businesses in Canada and other foreign markets and sought by such counterclaims to recover treble damages from Radio Corporation of America, General Electric Company and Western Electric Company, Inc., cross-defendants. A trial by jury of the issues thus raised was requested by cross-claimants.

On February 11, 1954, cross-claimants were permitted leave to file such additional counterclaims, and cross-defendants have all filed answers thereto.

The present motion followed and has been heard on briefs and oral argument.

This is one of the oldest cases on the docket of this Court. It was instituted by RCA as a patent infringement action against The Rauland Corporation and Zenith Radio Corporation in 1948. At that time there had been pending for two years in the Delaware Court an action brought by Zenith against RCA, General Electric Company and Western Electric Company, seeking a declaratory judgment under the patent laws that certain patents were being asserted against Zenith and that these patents are invalid, not infringed and unenforceable.

Counterclaims were filed by RCA, General Electric and Western Electric in Delaware, asking damages for infringement of a large number of patents. In reply to the counterclaims, Zenith asserted that these counterclaim patents are unenforceable by reason of misuse in violation of the anti-trust laws.

Until the last amended counterclaim was filed in the instant case, there was never asserted by Zenith or Rauland in either case any issue of the right to recover damages for violations of the anti-trust laws.

In support of their motion, cross-claimants filed an affidavit in which they asserted there was no issue pending in the Delaware Court concerned with a treble damage suit and that The Rauland Corporation was not a party to the Delaware action and that therefore the parties and issues in the two cases were not the same. This affidavit also set forth that further delay of discovery procedures in the instant case would result in substantial prejudice to the rights of cross-claimants in that testimony and documentary evidence would be lost to them by reason of the fact that many of the witnesses were men of advanced age and that their knowledge of the location and content of documentary evidence was indispensable to the preparation and trial of the issues. It further appears from such affidavit that the only issues to be tried in the Delaware Court within the foreseeable future are issues involving the validity of patents covering the construction and manufacture of radio and television receiving sets.

It was conceded in the brief for RCA that was filed in opposition to the motion for leave to file these counterclaims that the present counterclaims assert an action "for treble damages never before

asserted throughout the course of either this action or the Delaware action."

I am inclined to agree with cross-claimants that there is no longer any point in staying proceedings in this case, and I base this conclusion on the fundamental ground that the issues and the parties are not the same in the two cases and that this case must ultimately be tried here regardless of the disposition of the Delaware case. Cross-claimants assert they have been damaged by exclusion from the Canadian radio and television market and that they have been damaged in other specific ways by a conspiracy to dominate and monopolize the radio and television business. It is true that proof of these charges might constitute a defense to the patent infringement charges in the Delaware case, but there are considerable differences between an orthodox anti-trust case and a misuse defense in a patent case.

In the Delaware case Judge Leahy has stated:

"A misuse is a specific defense to an infringement suit, or an action for royalties, and the considerations there involved are different from those in the orthodox anti-trust suit." 106 F.Supp. 561, 576.

It further appears that Rauland is not a party to the Delaware case and therefore cannot be bound by anything that occurs in that action. RCA urges that since Zenith owns the capital stock of Rauland, the latter should not be regarded as a truly separate party. However, RCA sued them as distinct parties in the present action, and mere ownership by Zenith of Rauland's stock does not serve to destroy the separate corporate existence of Rauland and of its right to a day in Court. Regardless of the disposition of the Delaware case, Rauland's counterclaim must ultimately be tried here.

It now appears that two different cases are presented in two different Courts and that the parties are not the same. In this situation it is well established that a Federal Court should not stay proceedings in its own jurisdiction to await the determination of issues in another Federal jurisdiction unless it appears that the parties and the issues are the same. Triangle Conduit & Cable Co., Inc. v. National Electric Products Corporation, 3 Cir., 1943, 138 F.2d 46, certiorari denied 320 U.S. 784, 64 S.Ct. 191, 88 L.Ed. 471; Cresta Blanca Wine Co. v. Eastern Wine Corporation, 2 Cir., 1944, 143 F.2d 1012; Advance Transformer Co. v. Bromberg, D.C., 106 F.Supp. 691; Arkay Infants Wear, Inc. v. Kline's, Inc., D.C., 98 F.Supp. 862, 863; Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, Inc., D.C., 91 F.Supp. 106; Bryant Electric Co. v. Industrial Electronics Corporation, D.C., 60 F.Supp. 197.

The only exception to this rule is where some question of vast public importance is involved, and in such case, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." Landis v. North American Company, 1936, 299 U.S. 248, 256, 57 S.Ct. 163, 166, 81 L.Ed. 153.

Nothing in the nature of a public interest which would justify staying proceedings in the instant case is asserted here, and the case therefore falls within the general rule that where the parties and issues in the two cases are different, a stay of proceedings should be denied.

It is argued in the RCA brief that the Delaware Court is the court of primary jurisdiction because a consent decree was entered in the Delaware Court in the case of United States v. Radio Corporation of America, No. 793 in the Delaware Court. However, neither Zenith Radio Corporation nor The Rauland Corporation was a party to that proceeding and they are therefore not in any manner bound by any ruling of the

Delaware Court in that case. Troxell **v.** Delaware, L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Brown v. Fletcher's Estate, 210 U.S. 82, 28 S.Ct. 702, 52 L.Ed. 966; Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208.

RCA states that this motion is an effort to overrule pre-trial orders of Judge Leahy in the Delaware action so as to permit cross-claimants to obtain discovery beyond that permitted by the pre-trial order of January 30, 1953. The parties are not in agreement as to the scope of discovery permitted by that order.

■■ However, I wish to make it plain that I am not passing on the propriety of the proceedings in Delaware, and in permitting cross-claimants to proceed here I am not indicating any disagreement with the rulings made by Judge Leahy in the Delaware Court. The scope of discovery in any case must depend upon the particular issues involved in that case, and what is appropriate to one case may be entirely improper in another. Rauland and Zenith have alleged that they have been damaged by an unlawful conspiracy which had its inception in 1919. It is well established that proof of conspiracy entitles the complaining party to prove the origin and purposes of the alleged conspiracy, and it must follow that discovery with regard thereto must be extensive enough to embrace the inception of the conspiracy complained of.

It therefore appearing that there is no showing made for staying the proceedings in the instant case which would justify staying the instant treble damage counterclaims to await the trial of patent issues in the Delaware Court, the motion of Zenith Radio Corporation and The Rauland Corporation must be granted.

A draft order in accord with this opinion may be presented on notice in accordance with the Rules.