KRYPTOK CO. v. STEAD LENS CO.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1911.)

No. 3,584.

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 954*)—REVIEW—PRELIMINARY INJUNCTION.

The granting of a preliminary injunction rests in the discretion of the trial court, not in its arbitrary, whimsical will, but in its sound judicial discretion, informed and guided by the established principles, rules, and practice of equity jurisprudence; and where the court has not departed from them its injunctional orders may not be reversed without clear proof of an abuse of its discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

2. INJUNCTION (§ 26*)—ENFORCING LAWFUL RIGHTS—WHEN ENJOINED.

One may not be enjoined from protecting and enforcing his rights by lawful means, unless his acts to that effect are done or threatened unnecessarily, not really for the purpose of protecting his rights, but maliciously to vex, annoy, and injure another.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49; Dec. Dig. § 26.*]

3. INJUNCTION (§ 23*)—COMPARATIVE INJURY OF GRANT AND REFUSAL CONSIDERED.

It is a good defense to an application for an injunction that the wrong and injury likely to be inflicted upon the opponent of the application by its issue will probably be greater than that which the applicant is likely to suffer from its denial.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 22; Dec. Dig. § 23.*

Consideration of comparative injuries to plaintiff and defendant in determining right to injunction, see note to McCarthy v. Bunker Hill & Sullivan M. & C. Co., 92 C. C. A. 276.]

───────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PATENTS (§ 327*) — DECREE AGAINST MANUFACTURER NO BAR TO SUITS AGAINST RETAILERS PURCHASING FROM HIM.

The owner of a patent cannot recover in a suit against a manufacturer of an infringing article which the latter sells to retailers all the relief to which he is entitled in suits against the latter and a suit or a decree for an injunction, gains, profits and damages against the manufacturer is no bar to suits for infringement against those who purchase from him and use or sell the infringing article.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

5. INJUNCTION (§ 26*)—SUITS AGAINST RETAILERS NOT ENJOINED ON ACCOUNT OF SUIT AGAINST MANUFACTURER—FACTS—CONCLUSION.

The owner of patents sued a manufacturer for infringement on June 11, 1909, closed its evidence in chief on April 18, 1910, threatened to bring suits against four retailers who purchased the infringing article from the defendant in October, 1910, brought one such suit in November, 1910, notified the manufacturer's customers that the article they bought of it infringed, and threatened to sue them if they did not stop selling the article.

*Held*, these facts furnished no just ground to enjoin the owner of the patent from prosecuting the suit against the retailer he had already commenced or from commencing others of like character.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49; Dec. Dig. § 26.*]

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Bill by the Kryptok Company against the Stead Lens Company for infringement of patent. From an order enjoining complainant from bringing other suits for infringement of patents, complainant appeals. Reversed.

John H. Atwood (Edward D. Ellison, on the brief), for appellant.
Wash Adams (Theoph L. Carns, on the brief), for appellee.

Before SANBORN, Circuit Judge, and MARSHALL and WILLIAM H. MUNGER, District Judges.

SANBORN, Circuit Judge. On June 11, 1909, Kryptok Company, a corporation, exhibited a bill in the court below at Kansas City, in the state of Missouri, against Stead Lens Company, another corporation, for infringement of letters patent Nos. 637,444 and 876,933, on improvements in bifocal lenses, and prayed for an injunction and an accounting of gains and profits and for damages. On September 9, 1909, the Stead Company answered, and denied the validity of the patents and its alleged infringement of them. On April 19, 1910, Kryptok Company closed its evidence in chief, and any delay thereafter in the proceedings in the case seems to have been attributable to the Stead Company. That company was a manufacturer of bifocal lenses alleged to infringe the patents, and Haussman & Co., a corporation of Pennsylvania, was one of their customers, that bought the lenses of the Stead Company at wholesale and sold them at retail. In November, 1910, about 17 months after it instituted its suit against the Stead Company, and about 7 months after it closed its evidence in chief in that suit, Kryptok Company brought a suit, in Philadelphia,

against Haussman & Co. for infringement of the patents. Thereupon the Stead Company filed a petition and affidavits in the suit in Kansas City, and prayed that the Kryptok Company be enjoined from prosecuting its suit against Haussman & Co., and from beginning any other suits against others who were purchasing bifocal lenses of the Stead Company; and upon this petition, these affidavits, and counteraffidavits presented by Kryptok Company, the court below entered an order whereby it enjoined Kryptok Company from proceeding farther with its suit against Haussman & Co. and from commencing any suits for infringement of its patents against any of the purchasers of bifocal lenses of Stead Company until the final decree should be rendered in the suit of the Kryptok Company against the Stead Company. From this order the Kryptok Company has appealed to this court.

[1] The grant of a preliminary injunction rests in the discretion of the trial court, not in its arbitrary, whimsical will, but in its sound judicial discretion, informed and guided by the established principles, rules, and practice of equity jurisprudence; and where the court has not departed from them its injunctional orders may not be reversed without clear proof of an abuse of its discretion.

[2, 3] Established principles of equity jurisprudence are (1) that one may not be enjoined from doing lawful acts to protect and enforce his rights of property or of person, unless his acts to that effect are clearly shown to be done unnecessarily, not for the purpose of preserving and enforcing his rights, but maliciously to vex, annoy, and injure another; and (2) that where the injury to the applicant if the preliminary injunction is refused will probably be greater than the injury to the opponent if it is granted it should be issued, while if the contrary is the probable result the application for it should be denied. Russell v. Farley, 105 U. S. 433, 438, 26 L. Ed. 1060; Shubert v. Woodward, 92 C. C. A. 509, 522, 167 Fed. 47, 60; Blount v. Société Anonyme Du Filtre, 53 Fed. 98, 101, 3 C. C. A. 455, 458.

[4] The Stead Company by its petition based its application for this injunction upon two grounds, upon the proposition of law that in this suit against it Kryptok Company could procure all the relief it was entitled to obtain for the infringement of its patents by the Stead Company and by Haussman & Co. and the other customers of Stead Company who bought the infringing article of it at wholesale and sold it at retail, and upon the averment of the fact that the Kryptok Company had brought the suit against Haussman & Co. and threatened to bring like suits against three other customers of the Stead Company, and had notified and were notifying its customers that they were infringing its patents, and had threatened and were threatening its customers with like suits for infringement, not for the purpose of protecting and enforcing its rights under its patents, but for the sole purpose of vexing and annoying the Stead Company, which was morally bound to defend the suits against its customers, and of maliciously injuring its business. The proposition of law which the Stead Company relied upon was an error of law. There was no denial that the patents were issued and from their issue the legal presumption arose that they were valid. While infringement was denied, the legal right

to sue and to prosecute suits for infringement to a hearing must be admitted in the consideration of this injunction, because thus only could that issue ever be tried or determined. Kryptok Company therefore had the legal right to sue Haussman & Co. and every other purchaser and retailer from Stead Company of the infringing lenses, and if it proved their infringement it had the right to an injunction forbidding each of them from selling or using any of the lenses, and to a recovery of the gains and profits each of them had made by purchasing and selling them, and to the damages it had sustained by their infringement. It is always difficult to prove the gains and profits an infringer obtains, and the damages suffered by the owner of a patent from the sales of the infringing article are equally difficult to prove, so that the most valuable relief to which he is entitled in equity is the injunction against further infringement. Such an injunction against the retailers Kryptok Company could not secure in its suit against Stead Company. It might in that suit recover the gains and profits Stead Company had acquired by its manufacture and sale to its customers of the infringing lenses and the damage Stead Company had inflicted thereby, but it could not in that suit recover the gains and profits the purchasers from Stead Company had made nor the damages their infringements had inflicted. The owner of a patent cannot recover, in a suit against a manufacturer of an infringing article which he sells to retailers, the full relief to which he is entitled in suits against the retailers, and a decree for an injunction and damages against a manufacturer is no bar to suits against those who purchase from the manufacturer and use or sell to others. Birdsell v. Shaliol, 112 U. S. 485, 488, 5 Sup. Ct. 244, 28 L. Ed. 768. The proposition of law, therefore, on which the petition for this injunction is based must fall.

The evidence fairly established these facts: Kryptok Company in October, 1910, more than 11 months after it sued Stead Company and more than 5 months after it closed its evidence in chief, notified Stead Company that it would sue four of the purchasers from it if it did not stop its alleged infringement, and in November, 1910, it sued one of them. But it had the legal right to sue them, and to endeavor by such suits to obtain an injunction to stop their alleged continuing trespass upon its rights. It notified many of the customers of the Stead Company that the lenses they were buying of that company were infringements of its patents, and that if they did not cease dealing in them it would sue them for infringement. But there was danger that if, knowing of their infringement, it failed to give these notices, it might thereby lose its right to recover the gains and profits they made anterior to the filing of its bills against them. Layton Pure Food Co. v. Church & Dwight Co., 182 Fed. 35, 41, 104 C. C. A. 475, 481, 32 L. R. A. (N. S.) 274, and cases there cited.

The result is that all the acts of Kryptok Company were justified by the law, were well calculated to and tended to preserve and enforce its legal rights under its patents, and these acts fail to convince that they were not done for that purpose, or that they were done un-

necessarily and maliciously, for the sole purpose of annoying and vexing Stead Company and injuring their business.

Finally, it is a good defense to an application for a preliminary injunction that the wrong and injury likely to be inflicted upon the opponents of the application by its issue are greater than those which the applicant is likely to suffer from its denial. The only loss which Stead Company would probably have sustained by the prosecution of the suit against Haussman & Co. and the commencement of the threatened suits against three of its other customers, if the injunction had been denied, would have been the cost of defending those suits, which cost, it alleges, it was morally, but not legally, bound to pay. The loss which Kryptok Company will probably sustain from the issue and continuance of the injunction, if its bills. are well founded, will be the postponement of its injunction against the infringement by these customers of its patents for several years, and the loss of those gains and profits made by those customers which it is unable eventually to prove. The evidence is not convincing that the probable loss of the Stead Company from the denial is greater than that of the Kryptok Company from the granting of the injunction.

No case has been cited that sustains an injunction of the character here in question under a similar state of facts. In Acetylene Co. v. Avery Portable Co. (C. C.) 152 Fed. 642, upon which counsel for the Stead Company seem to rely, the suit against the manufacturer was instituted on July 24, 1906, and within three months the complainant had brought ten suits against purchasers from the defendant and threatened more. Perhaps those facts indicated a purpose unnecessarily and maliciously to annoy the defendant and injure its business. But, even so, the court granted an injunction against the commencement of more such suits only, and refused to enjoin the prosecution of the ten that had already been commenced. There is a wide difference between a case in which 10 suits against customers of the defendant are brought within 3 months after the bill against a manufacturer is filed, and probably before the complainant has made his prima facie case, and one in which no such suit is instituted until 17 months after the bill is filed and more than 6 months after the complainant has closed its case in chief.

Because the proposition of law upon which Stead Company founded its petition for the injunction was an error, because the evidence in the petition and affidavits fail to show that Kryptok Company's notices to the customers of Stead Company of their infringement and of coming suits were given, that they commenced the suit against Haussman & Co., or that their threats to sue three other customers of Stead Company were made unnecessarily and maliciously, for the sole purpose of vexing and annoying Stead Company and injuring their business, and because it does not appear that the injury to Stead Company by refusing the injunction would probably be greater than to the Kryptok Company by granting it, the order below must be reversed.

And it is so ordered.