## CITY OF SUMTER et al. v. SPUR DISTRIBUTING CO.
### No. 4591.

Circuit Court of Appeals, Fourth Circuit.
March 15, 1940.

Shepard K. Nash and L. E. Purdy, both of Sumter, S. C., for appellants.

John D. Lee, of Sumter, S. C., and Frank G. Tompkins, of Columbia, S. C., for appellee.

Before PARKER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

PER CURIAM.

This is an appeal from an order granting an interlocutory injunction. There is no finding of facts as required by rule 52(a), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, and the statement of facts contained in the order denying the motion to dismiss and in the opinion of the trial judge is not sufficiently specific as to the value of the right which plaintiff seeks to protect by suit, i. e., the right to the use of the pipe line in question, or as to the basis upon which that right is claimed. It is well settled that the important questions involved in the case should not be decided upon appeal from the granting of the interlocutory injunction; and we do not feel that the facts have been sufficiently found to enable us to pass upon the questions arising in connection with the exercise of discretion involved. We shall follow, therefore, the course pursued by the Supreme Court in the recent case of Mayo v. Lakeland Highlands Canning Co., 60 S.Ct. 517, 84 L.Ed. ——, decided February 26, 1940. The decree appealed from will accordingly be reversed and the cause will be remanded for further findings in accordance with the requirement of rule 52(a). There appears no reason, however, why the case should not be advanced by the court below and heard finally, instead of upon application for interlocutory injunction, so that upon appeal we may decide finally the questions really involved in the case. The lower court should consider, also, whether the case should not be consolidated or at least heard together with the case in which the plaintiff seeks recovery of damages occasioned to its Manning Avenue station by the construction of the overhead bridge referred to in the opinion below. Each party will bear its own costs on this appeal.

Reversed and remanded.