## TRIANGLE CONDUIT & CABLE CO., Inc., v. NATIONAL ELECTRIC PRODUCTS CORPORATION.

### No. 8263.

Circuit Court of Appeals, Third Circuit.

Argued May 5, 1943.

Decided Sept. 1, 1943.

See, also, D.C., 38 F.Supp. 533; 127 F.2d 524.

John Hoxie, of New York City (Marvel & Morford, of Wilmington, Del., and Pennie, Davis, Marvin & Edmonds, and W. Peters Blanc, all of New York City, on the brief), for appellant.

Samuel E. Darby, Jr. of New York City (E. Ennalls Berl, of Wilmington, Del., and Louis D. Fletcher and Floyd H. Crews, both of New York City, on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Delaware enjoining National Electric Products Corporation from proceeding with its cause of action in the District Court for the Eastern District of Michigan against Sears, Roebuck & Company, Inc. The better to understand the present controversy it will be helpful to recapitulate some of the facts which gave rise to our prior decision in the case, 3 Cir., 1942, 125 F.2d 1008, as well as to recount the events which have occurred subsequent thereto.

Triangle commenced an action in the District Court for the District of Delaware seeking a declaratory judgment of invalidity with respect to eleven patents owned by National which National claimed had been infringed by Triangle. While this action was pending National filed a patent infringement suit in the District Court for the Eastern District of Michigan charging Triangle with having infringed ten of the National patents by manufacture, sale and use and charging Sears, Roebuck & Company, Inc. with having infringed by reselling articles manufactured in violation of six of the National patents. All of the enumerated patents were already involved in the declaratory judgment suit. The Delaware district court denied Triangle's petition for an order restraining National from prosecuting the patent infringement suit so as to await an adjudication in the declaratory judgment suit. Upon appeal this court reversed and held that it was the duty of the Delaware Court to enjoin National from proceeding with the cause

of action stated in the Michigan suit against Triangle until after the declaratory judgment action had been decided. Triangle Conduit & Cable Co., Inc., v. National Elec. P. Corp., 3 Cir. 1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. 1750. Thereafter the district court of Michigan entered a consent decree staying all further proceedings of the cause in so far as concerned the action against Triangle. In the same consent order the Michigan district court severed the cause of action against Sears. A stipulation was entered into between National and Sears which recited: "That at the trial of this action against Sears Roebuck & Co., Inc., plaintiff will confine its evidence of infringement to rubber covered wire (whether sold as such or as an element of a cable), flexible armored cable and non-metallic sheathed cable of the types made by Triangle Conduit & Cable Co., Inc., and sold by it to, and resold by, Sears, Roebuck & Co., Inc.; without prejudice however to plaintiff's right of relief herein, under the principles of law governing the scope and effect of a decree of infringement, with respect to any other products sold by Sears, Roebuck & Co. Inc., whether made by Triangle Conduit & Cable Co., Inc., or by another manufacturer or other manufacturers." Triangle thereupon moved in the district court of Delaware to enjoin the prosecution of National's severed suit against Sears on the ground that if the adjudication in the Delaware declaratory judgment suit is favorable to Triangle that adjudication will be entirely dispositive of the Michigan suit. The injunction was granted by the district court of Delaware because it construed the language of our opinion in Triangle Conduit & Cable Co., Inc., v. National Elec. P. Corp., supra, as requiring such a result.

The question before us in that case was whether under the circumstances there disclosed the United States district court which first obtained jurisdiction of the parties and issues should enjoin the further prosecution of proceedings involving the same parties and issues begun thereafter in another United States district court. We held that it should, under the rule which we had previously enunciated in Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925, certiorari denied, 1941, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1224. It was argued that the rule of the Crosley case was inapplicable because the controversy in the Michigan district court was not restricted to the patent owner and the manufacturer as infringer but also involved one of the customers of the manufacturer who resold the alleged infringing product. We held that the mere addition of the customer as a party defendant might not be made the basis for transferring the adjudication of the cause of action between Triangle and National from the district court in Delaware to the district court in Michigan in the face of the rule of the Crosley case, but that the court should have enjoined the further prosecution of that cause of action in the Michigan district court regardless of the presence in the suit of the cause of action against Sears. Except for its possible effect upon the applicability of the doctrine of the Crosley case we at that time were not called upon to concern ourselves with National's cause of action against Sears, although we took occasion to point out that under the liberal severance provisions of Civil Procedure Rule 21, 28 U.S.C.A. following section 723c, an injunction against the prosecution in the Michigan district court of National's cause of action against Triangle need not necessarily interfere with the prosecution of its cause of action against Sears since the latter could be severed and proceeded with alone. The question whether Triangle is entitled to have the prosecution of that cause of action enjoined, now that it has been severed from National's claim against Triangle, is directly before us for the first time upon the present appeal.

We think that the injunction against the prosecution of the severed cause of action against Sears should not have issued. It must be remembered that the duty of a United States district court to enjoin further prosecution of a proceeding later instituted in another United States district court arises only if the controversy in each court involves the same issues and the same parties. Crosley Corporation v. Hazeltine Corporation, supra. It is true that the validity and infringement of the same six patents are at issue in both courts. The parties, however, are not the same. In the Delaware district court the litigants are National, the owner of the patents and Triangle, the alleged infringing manufacturer. In the Michigan district court the litigants are National, the owner of the patents, and Sears, a retail dealer whose tort is alleged to be the resale

of products manufactured in infringement of the National patents. It will not do to say that the suit against Sears is in reality a suit against Triangle. It is well settled that a patent owner has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer. Birdsell v. Shaliol, 1884, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed 768; Sherman, Clay & Co. v. Searchlight Horn Co., 9 Cir., 1915, 225 F. 497; Kryptok Co. v. Stead Lens Co., 9 Cir., 1911, 190 F. 767, 39 L.R.A., N.S., 1. This right of action continues so long as the questions of validity and infringement have not been finally adjudicated.

It is only if a suit against the manufacturer results in a final judgment in its favor that the manufacturer may restrain suits against its customers for reselling the same product. Kessler v. Eldred, 1907, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065. That right accrues in order that the judgment may have its full and proper force rather than because the actions are the same. Since there has been no final judgment in favor of Triangle it is in no position at the present time to rely upon the doctrine of Kessler v. Eldred.

It is important to note that the action against Sears is to recover for profits and damages to which National claims to be entitled by reason of Sears' resale of wire and cable products which infringed National's patents, whether those products were manufactured by Triangle or others. Although National stipulated that it would confine its evidence of infringement to wire and cable of the types sold by Triangle to Sears the scope of the relief sought is broad enough to include all wire and cable products sold by Sears having the construction held to be an infringement of National's patents, whether purchased by Sears from Triangle or from some other manufacturer.

The Delaware district court is called upon to determine in the declaratory suit whether Triangle infringed the patents by manufacture, sale and use of certain wire and cable products. The Michigan district court is called upon to determine in the severed action against Sears whether to restrain Sears from reselling wire and cable products of the type manufactured by Triangle and to what if any profits and damages National is entitled by reason of

such sales. Neither the causes of action nor the parties are the same. It follows that unless and until final judgment in favor of Triangle is entered in the Delaware suit the district court of Delaware ought not to restrain the further prosecution of the severed action brought by National against Sears in the district court of Michigan.

The order of the district court is reversed.