BOWLES, Acting Administrator, Office of Price Administration, v. RUSSELL PACKING CO.

No. 8321.

Circuit Court of Appeals, Seventh Circuit.

Feb. 10, 1944.

George J. Burke, Thomas I. Emerson, and Fleming James, Jr., Office of Price Administration, all of Washington, D. C., Alex Elson, John F. Manierre, and Robert B. Johnstone, Office of Price Administration, all of Chicago, Ill., and David London, Chief, Appellate Section, and A. M. Dreyer, Office of Price Administration, both of Washington, D. C., for appellant.

Thomas J. Carroll, of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Administrator of the Office of Price Administration filed suit against the Russell Packing Company, an Illinois corporation, for the violation of certain sections of Regulation 169 promulgated by the OPA and prayed for a temporary and a permanent injunction. The complaint alleged and the Administrator claimed a violation of several sections of Regulation 169, and an injunction was sought to restrain the violation of each. A motion for a temporary injunction, supported by affidavits, was made by the Administrator. The defendant filed an affidavit in response. The matter was not submitted upon affidavits, however, but a rather extensive hearing was had, at the conclusion of which the court denied the temporary injunction. From the order of denial the Administrator has appealed.

No findings of fact were made or conclusions of law stated. The court's order denying the temporary injunction found that the defendant had acted in good faith in whatever it did, but made no findings as to whether or not the defendant had violated any of the regulations, and, if it had, which one or ones.

We are unable to tell from a reading of the court's order which regulation, if any, was violated. The Administrator claims that the mere proof of a violation of the regulations leaves no discretion to the court as to whether the injunction shall issue and that in such case the issuance is mandatory under the statute. On the other hand, the defendant claims that the trial court has some discretion as to whether or not a temporary injunction should issue, even though a violation of the regulations has been shown.

■ Thus, it is apparent that a necessity for clear and explicit findings of fact as to what the violations were, if any, is implicit in the question presented. The Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c,[1] require the District Court in a case of this kind to make findings of fact and to state conclusions of law. A fair compliance with this rule is mandatory. Mayo, Commissioner v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774.

■■ We are of the opinion that the meager and equivocal findings in the court's order in this case are not a fair compliance with Rule 52(a). Furthermore, we think that in dealing with such drastic legislation, passed to meet a critical situation in our wartime economy, it is imperative that we have the most clear and explicit findings so as to enable us to review with as much care and precision as possible the action that courts may take in the application of such extraordinary legislation. Undoubtedly, there will be much litigation growing out of the legislation under consideration in the case at bar. We think it proper to insist at all times upon fair compliance with Rule 52 (a). The ends of justice and orderly procedure will best be served by remanding the case to the District Court, with directions to the court to make findings of fact and state its conclusions of law thereon. It is so ordered.

---

[1] "Rule 52. Findings by the Court.

"(a) Effect. In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * * *"