**HOPKINS et al. v. WALLIN et al.**

No. 9865.

United States Court of Appeals
Third Circuit.

Argued Oct. 3, 1949.

Decided Dec. 30, 1949.

Eugene T. Maher, Washington, D. C. (H. G. Morison, Assistant Attorney General, Gerald A. Gleeson, United States Attorney, Drew T. J. O'Keefe, Assistant United States Attorney, Philadelphia, Pa., Edward H. Hickey, Special Assistant to the Attorney General, on the brief), for appellants.

Claude T. Dawson, Washington, D. C. (I. G. Gordon Forster, Philadelphia, Pa., on the brief), for appellees.

Before McLAUGHLIN and O'CONNELL, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

Hopkins and his associates, who are appellees, filed suit in the District Court. It appears from the record that plaintiffs-appellees are all permanent civil service employees of the United States in the Philadelphia Navy Yard, and each of them is an honorably discharged soldier or sailor. It further appears that appellants are officers in charge of the Navy Yard. Each of the appellees was reduced from the rank, grade and salary of supervisor, leadman or planner to that of mechanic, skilled worker or laborer, while at the same time appellants kept and maintained in the grade and salary

of supervisors, leadmen or planners civilian employees who are not veterans and who had no better efficiency rating than appellees. There was no allegation as to the amount in controversy. The relief sought was restoration of each of the appellees to the respective position of supervisor. Appellees made a motion for a preliminary mandatory injunction requiring appellants to restore each appellee to his former position of supervisor, leadman or planner. The appellants moved in the alternative to dismiss or for summary judgment. Affidavits upon the merits were presented by appellants. On October 22, 1948, the Court granted the preliminary mandatory order of restoration, and on November 23, 1948, granted an order denying the motion to dismiss and summary judgment.

■ There are several reasons why this case cannot be considered here on the merits. The "preliminary mandatory injunction" was interlocutory in nature and was issued by the Court without findings of fact, which are specifically required by Rule 52, Federal Rules of Civil Procedure, 28 U.S. C.A. Read, Superintendent v. Dickerson, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, Sims v. Greene, 3 Cir., 161 F.2d 87, City Line Center, Inc., v. Loew's, Incorporated, 3 Cir., 178 F.2d 267. There was no bond deposited prior to the granting of the order, which is likewise made a condition precedent. Such defects cannot be cured here since each requires the exercise of discretion by the Trial Court.

Furthermore, the complaint did not allege presence in controversy of the jurisdictional amount required by statute. Concededly, this is a necessary allegation. As such, although the phrase might possibly be here added to the pleading, still the condition precedent to jurisdiction has not been fulfilled. There is yet a question of fact which must be determined by trial. The question of whether relief can be granted at all is not passed upon. But see the excellent opinion of Judge Driver in Palmer v. Walsh, D.C., 78 F.Supp. 64.

■ In view of the fact that the preliminary mandatory injunction was issued by the Court without the proper foundation,

and inasmuch as the jurisdiction of the Court does not appear on the record, the order is hereby vacated and set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

Judge O'CONNELL heard the argument and participated in the decision in this case but died before the opinion was filed.