**ADVANCE TRANSFORMER CO. v. BROMBERG.**

No. 52 C 528.

United States District Court
N. D. Illinois, E. D.

July 8, 1952.

I. Irving Silverman, Chicago, Ill., for plaintiff.

Schneider & Dressler, Chicago, Ill., for defendant.

LA BUY, District Judge.

The defendant has moved for a stay of these proceedings on the ground that on the same day as the present action was instituted, another action for infringement of the same patent, Feinberg Patent No. 2,558,293 was commenced against the Unique Art Manufacturing Company, the manufacturer of the infringing device, in the District Court of New York; that the plaintiff here is the plaintiff in the New York suit and that the plaintiff and the defendant in that suit are competing manufacturers of devices known as ballasts for starting and operating fluorescent lamps; that the defendant, Nathan Bromberg, is alleged in the present complaint to be the Chicago distributor for Unique Art Manufacturing Co., Inc. the New York defendant.

The court is of the opinion said motion must be denied since the same parties are not involved in both actions and a cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product. Kryptok Co. v. Stead Lens Co., 8 Cir., 1911, 190 F. 767; Triangle Conduit & Cable Co. v. National Electric Products Corp., 3 Cir., 1942, 125 F.2d 1008; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925; Hammett v. Warner Bros. Pictures, 2 Cir., 1949, 176 F.2d 145; Yale & Towne Mfg. Co. v. Manning, Maxwell & Moore, D.C.N.Y.1950, 91 F.Supp. 106.

An order has this day been entered overruling the defendant's motion for a stay of proceedings.