Leon F. URBAIN and Loxit Systems, Inc., Appellants,

v.

KNAPP BROTHERS MANUFACTURING COMPANY, Al Levinson, Charles Levinson, and Robert Levinson, Appellees.

No. 12155.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 1954.

Miller, Circuit Judge, dissented.

Curtis F. Prangley, Chicago, Ill. (Clarence B. Des Jardins, of Des Jardins, Robinson & Keiser, Cincinnati, Ohio, Curtis F. Prangley, Mark H. Clayton, Chicago, Ill., on the brief), for appellants.

Truman A. Herron, Cincinnati, Ohio (Truman A. Herron, Wood, Herron & Evans, Cincinnati, Ohio, on the brief), for appellees.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The appellants—Leon F. Urbain, an individual residing in Chicago, and Loxit Systems, Inc., an Illinois corporation—filed on February 2, 1953, a complaint in the United States District Court for Southern Ohio against appellees—Knapp Brothers Manufacturing Company, an Ohio corporation, and Al Levinson and his two sons, Charles and Robert, as controlling stockholders of the corporation. Urbain, as sole owner, and Loxit Systems, Inc., as exclusive licensee of Letters Patent 2,319,278 and 2,338,146, sought to enjoin appellees from infringing such patents and from manufacturing, using, selling, advertising, distributing, or displaying board constructions and chalk troughs in infringement or threatened infringement of the patents.

Appellees filed an answer and a counterclaim for declaratory judgment attacking the validity of the patent claims and seeking against appellants a permanent injunction from asserting that the display board constructions and chalk troughs manufactured by appellees infringed appellants' patents, or that the Letters Patent covered validly the constructions manufactured or sold by appellees; and from filing or threatening to file suit against any of their suppliers, customers, or prospective customers. Appellees prayed further for declaratory judgment that each of the Letters Patent is invalid and not infringed by the manufactured products of appellees.

Appellants traversed the material allegations of appellees' counterclaim for declaratory judgment.

On January 15, 1954, the appellee corporation filed under oath of its vice-president a motion for an order restraining the plaintiffs-appellants from prosecuting a companion action in the United States District Court for the Northern District of Illinois. This sworn motion averred that, on February 3, 1953 (one day after the present action was filed in the Southern District of Ohio), the appellants brought a second suit in the Northern District of Illinois naming as defendants therein the Claridge Equipment Company, and individuals Preble, Jecman, and Jecman, Junior; that the Illinois suit charged infringement of patents identical with those charged in the instant action to be infringed; that the Claridge Equipment Company is a distributor of the challenged products of appellees; that the three named individual defendants are officers of the Claridge Equipment Company; and that the appellee company (Knapp Brothers Manufacturing Company) is advised and believes that the products which are charged to infringe plaintiffs' patents in the suit in the Northern District of Illinois were manufactured by this defendant and are identical in nature with those charged to infringe in this action; that accordingly the issues in the two cases are identical; and that this defendant, by an instrument in writing, has assumed the defense of the Chicago suit and has agreed to indemnify the defendants therein from all loss and damage.

The motion averred further that the case had been formally set for trial on March 22, 1954, in the United States District Court for the Southern District of Ohio; but that, despite this fact, appellants have threatened to have the action pending in the Northern District of Illinois set for trial prior to March 22, and have threatened to try that case, notwithstanding the fact that the instant action is entitled to precedence both by reason of its earlier filing and by reason of the fact that it is directed against the manufacturer of the alleged infringing products. The motion then prayed for a court order enjoining appellants and all in privity with them "from proceeding with the trial of said action in the Northern District of Illinois prior to the trial of this action and prior to the decision of the court herein."

There appears in the appendix to appellees' brief a copy of the indemnity agreement in the language set out in the margin.[1]

The appendix to appellants' brief includes an affidavit of one of the attorneys for appellants, as set forth in the margin.[2] We deem this affidavit of no guid-

1. "Indemnification Agreement. For considerations received and hereby acknowledged, the undersigned Knapp Brothers Manufacturing Company of Cincinnati, Ohio, hereby agrees to protect, defend, hold harmless and indemnify Claridge Equipment Company, an Illinois Corporation doing business in Cicero, Illinois, John J. Jecmen of Riverside, Illinois, James M. Jecmen, Jr., of Cicero, Illinois, and Kenneth J. Preble of Western Springs, Illinois, their agents, dealers, customers and users against any and all suits, actions, legal proceedings, claims, demands, damages, costs, expenses and attorneys' fees arising out of any alleged infringement of Urbain patents Nos. 2,319,278 and 2,338,146 or either of them or any other patent by reason of the sale or use of any chalk board trim, equipment or accessories purchased from the undersigned, provided the undersigned is notified promptly of any such charge made or suit filed against said Claridge Equipment Company, John J. Jecmen, James M. Jecmen, Jr., and Kenneth J. Preble, or any of them or their dealers, customers or users selling or using such trim, equipment or accessories, and provided further that no compromise of any such suit or claim is made without the written consent of the undersigned."

The agreement is signed: "Knapp Brothers Manufacturing Company, by Chas. B. Levinson, President." It is attested: "Robert Levinson, Secretary."

2. "Affidavit (filed January 25, 1954).

"State of Illinois ⎱ ss
"County of Cook ⎰

"Curtis F. Prangley, being duly sworn, deposes and says:

"That he is a member of the Bar of the State of Illinois, of the District of Columbia, of the United States District Court for the Northern District of Illinois, United States Court of Appeals for the Seventh Circuit, of the Court of Customs and Patent Appeals and of the Supreme Court of the United States, and that he represents Leon F. Urbain and Loxit Systems, Inc., the plaintiffs in the above entitled proceeding.

"That he is informed and believes that the Claridge Equipment Company which is a defendant in an action instituted in the United States District Court for the Northern District of Illinois, Eastern Division, on or about February 3, 1953, by the co-plaintiffs named in the above entitled proceeding, and now pending, offers the products which, in the aforesaid proceeding in Illinois, are charged to infringe the patents of said co-plaintiffs, under its own identifications and advertises said products in literature which purports to be literature of said Claridge Equipment Company and which does not indicate that any of the products shown therein are manufactured by the defendants named in the above entitled proceeding;

"That in the aforesaid proceeding now pending in Illinois a pretrial conference was called for January 5, 1954 but at the request of counsel for defendants was postponed to January 20, 1954 to permit the filing of a petition to intervene by the alleged manufacturer of the articles charged in the complaint in said proceeding to be infringement of the plaintiff's patents;

"That counsel for defendants in said proceeding now pending in Illinois informed him that the said alleged manufacturer is Knapp Brothers Mfg. Co., one of the defendants named in the above entitled proceeding;

"That no petition by anyone to intervene in said proceeding pending in Illinois has been served on counsel for plaintiffs therein up to the date hereof;

"That a pretrial conference was held in said proceeding pending in Illinois on January 20, 1954 by the judge to whom said case is assigned and continued to February 3, 1954;

"That the Court stated at said pretrial conference that he would be ready to try the case by the middle of March, 1954;

"That defendants in the above entitled proceeding have not produced for the inspection of the Judge before whom said case is pending or of counsel for plaintiffs therein any instrument in writing in which defendants in the above entitled proceeding assume the defense of the said proceeding pending in Illinois and agree to indemnify the defendants therein from all loss and damage; and

"That the above entitled proceeding is not, for any reason, entitled to precedence over said proceeding pending in Illinois;

"Further deponent saith not.

"/s/ Curtis F. Prangley."

The affidavit is subscribed and sworn to on the 22nd day of January, 1954, by Bernice Nevin, a Notary Public, whose Seal appears.

ance toward correct determination of the decisive issue.

After a hearing on the motion of appellants for injunction, as aforesaid, the district court entered an order declaring that the motion was well taken and should be granted. Appellants were enjoined and restrained from proceeding with the trial of the action in the Northern District of Illinois prior to the trial of the instant action and prior to the decision of the United States District Court for Southern Ohio. Unfortunately, the United States District Judge wrote no opinion and did not file any findings of fact or conclusions of law.

1. Appellants say first that the United States District Court for the Southern District of Ohio had no right to enjoin appellants, as ordered, from prosecuting their civil action against the Claridge Equipment Company, et al., in the United States District Court for the Northern District of Illinois. They point out that while the plaintiffs in both actions are identical, the defendants are not; that infringement by different parties is charged in the two suits; and that it has not been established that the defendants in the Illinois case are distributors of the products of the appellees, or that appellees have undertaken the defense of the proceeding in the Northern District of Illinois. The opinion in Triangle Conduit & Cable Co. v. National Electric Products Corporation, 3 Cir., 138 F.2d 46, 48, is presented as authority for the proposition that a United States District Court should not enjoin the prosecution of a later proceeding instituted in another United States District Court, unless the controversy in each court involves the same issues and *the same parties*. The Court of Appeals stated: "It is well settled that a patent owner has a cause of action, separate and independent from that against an infringing manufacturer, to recover profits and damages and to restrain one who resells a product which he purchased from an infringing manufacturer."

Appellants contend that the decision of the United States Supreme Court in Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, does not modify or impair the authority of the Triangle case just cited or of the earlier Triangle case reported in Triangle Conduit & Cable Co. v. National Elec. P. Corp., 3 Cir., 125 F.2d 1008, to which reference is made in a footnote 342 U.S. 184, 72 S.Ct. 221. The writer of the opinion in the Kerotest case [342 U.S. 180, 72 S.Ct. 221] pointed out that wise judicial administration in the "conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution" of complicated problems resulting from the initiation of litigation by different parties to many-sided transactions; and that the factors relevant to wise administration being equitable in nature, "an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." The Supreme Court held that a manufacturer who is charged with infringement of a patent is not privileged to stretch the Federal Declaratory Judgment Act to give him a paramount right to choose the forum for trying out questions of infringement and validity.

Kryptok Co. v. Stead Lens Co., 190 F. 767, 8 Cir., is also cited by appellants. The holding there was that the owner of a patent could not properly be enjoined from prosecuting an action already commenced against a retailer, or from instituting other actions of like character, where he had sued a manufacturer for infringement of his patent. Judge Sanborn stated, however, that where a judge has not substituted his arbitrary, whimsical will for sound judicial discretion, informed and guided by established principles, rules and practice of equity jurisprudence, his orders granting injunctions may not be reversed without clear proof of an abuse of his discretion.

Appellants cite Advance Transformer Co. v. Bromberg, D.C.N.D.Ill., 106 F. Supp. 691, where a motion for stay of proceedings in another district was

denied for the reason that the same parties were not involved in both actions and upon the principle that a cause of action of a patent owner against an infringing manufacturer is wholly separate and distinct from his cause of action against one who resells the infringing product.

In rejoinder to appellants' argument upon the proposition under discussion, the appellees assert that appellants, though residents of Illinois, voluntarily chose the Ohio District Court as their first forum by filing their suit there before they instituted their action in Illinois. Numerous steps have been taken in the Ohio court and extensive hearings on various motions have been afforded. The Ohio suit had been set for trial on March 15, 1954, and except for this appeal the action in Ohio doubtless would have been tried before now and probably decided. It is emphasized by appellees that Claridge Equipment Company, as shown by the affidavit of the Vice-President of Knapp Brothers Manufacturing Company, is a distributor of products of appellees which are charged to infringe appellants' patents. These products were manufactured by appellees and are identical in nature with those charged in the instant action to infringe appellants' patents. The issues in the two cases are, therefore, said to be identical and the appellee corporation has, as shown by the foregoing affidavit, assumed in writing to defend the Chicago action and has agreed to indemnify defendants therein from all loss and damage. Appellees insist that, while this indemnity agreement was not formally offered in evidence at the hearing of its motion for injunction, the existence of the agreement was recited in the verified motion; and that if appellants had called for it, the document would have been produced. The appellee corporation states in its brief that it "frankly and formally acknowledges that it is defending the Illinois case and that it is responsible for any damages which may be awarded therein." The appellees give as their reason for applying for the injunction restraining appellants from further action in the Illinois case the circumstance that the United States District Judge in that jurisdiction expressed in pre-trial discussions his intention of setting the Illinois case for trial near the time already set for the trial of the Ohio case. The Ohio setting had been known for several months.

Appellees contend that the action of the Ohio District Judge in enjoining appellants from proceeding in Illinois is supported by five factors: (1) the imminent and fixed trial date of the Ohio case; (2) the fact that this case was completely at issue following extensive pre-trial procedure; (3) the Ohio case will be determinative of the entire controversy [Kessler v. Eldred, 206 U.S. 285, 27 S.Ct. 611, 51 L.Ed. 1065]; (4) the Ohio case was the first filed; and (5) the Ohio jurisdiction was voluntarily chosen by appellants.

Appellees contend that the philosophy of the Kerotest case, supra, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200, clearly justifies the exercise of the sound discretion manifested by the District Judge in issuing an injunctive order in the instant controversy. Appellees insist that the facts of Kerotest are quite similar to those found here and would be practically identical, as is conceded by appellants, if the appellees had formally intervened in the Illinois case. Though deemed by them unnecessary, appellees agree to intervene in the Illinois suit should this court consider it necessary that such course be pursued. They argue that, in matters involving priority of hearing date, courts of review should not interfere with the discretion of a trial court if soundly exercised.

Appellees are firm in their position that this court has already decided the instant issue favorably to them in an unreported *per curiam* opinion in Case No. 11,178 entitled Snap-On Drawer Company v. Honorable John H. Druffel, United States District Judge, decided February 1, 1951. See subsequent denial of petition for mandamus in Snap-On

Drawer Co. v. Druffel, 341 U.S. 938, 71 S.Ct. 998, 95 L.Ed. 1366.

In the Snap-On case, this court held it to be within the sound discretion of the District Judge to stay proceedings in his court to await determination by another District Court of the United States of similar issues there involved. The case came to this court on a petition for writ of mandamus, prayed to be directed to the United States District Judge to vacate his order staying the proceedings. The petitioner, while not a formal party to the proceeding in the other district, was "in privity with the defendants therein." It was stated by our court that the granting of a declaratory judgment—where, in the case pending in the other court some, if not all, of the issues could be decided—fell within the sound discretion of the court to which the application for stay of proceedings was presented. The *per curiam* pointed out further that the relief sought was precluded by Civil Procedure Rule 81(b); that there was pending an appeal from the order of the United States District Court denying petitioner's motion for an interlocutory injunction, decision upon which would require determination of some of the issues involved in the suit in the District Court; and that mandamus may not be substituted for appeal. Roche v. Evaporated Milk Association, 319 U.S. 21, 25, 63 S.Ct. 938, 87 L.Ed. 1185.

■ While the Snap-On case is not directly in point, we consider it applicable in principle, inasmuch as the granting of the injunction here rests upon the same reasoning applied there: that it falls within the sound discretion of the District Court to stay proceedings in another district, where the separate defendants are in privity and the plaintiffs and the issues are identical, even though all the parties in each of the two actions are not the same. If the plaintiffs in the cases are identical and the defendants in one case *are in privity* with those in the other, even though not formal parties, the District Court which first obtains jurisdiction has the right, in our judg-

ment, to enjoin proceedings brought later in another district, especially when numerous steps have been taken in the court whose jurisdiction was first invoked.

■ Appellants make the point that the indemnity agreement was not formally offered in evidence in the District Court and was not shown their attorney. We think that this is hypercritical, inasmuch as the sworn motion of appellees asserted that they had agreed to defend the Claridge Equipment Company and the individual defendants in the Illinois case and to indemnify them from all loss and damage. Had the appellants entertained doubt of the existence of such agreement, they could easily have demanded its production. Having failed to do so, they are not in position to question the document in the present posture of the case.

2. Appellants insist that the trial court had no right to issue the preliminary injunction herein granted, without requiring appellees to give security for payment of costs and damages should any be incurred by appellants in consequence of their wrongful restraint. They point to Civil Procedure Rule 65(c), 28 U.S.C.A.: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. * * * *"

■■ In Hopkins v. Wallin, 3 Cir., 179 F.2d 136, cited by appellants, the opinion would seem to indicate that the injunctive order was vacated and the cause remanded for other reasons than the violation of Rule 65(c). But, regardless of this, we are of opinion that the failure of the District Court to require the prescribed security before issuing the restraining order is not reversible error. The rule leaves it to the District Judge to order the giving of security *in such sum as the court considers proper*. This would indicate plainly that the matter of requiring security in each case

rests in the discretion of the District Judge. Moreover, in the circumstances encountered here, it would appear that no material damage will ensue to appellants from the failure of the District Judge to require bond of appellees.

3. Finally, appellants urge that the District Court had no right to issue the interlocutory injunction against appellants, restraining further prosecution of their civil action in the Illinois District, without setting forth findings of fact and conclusions of law constituting the basis for its action. In this failure, the District Court, appellants insist, violated the mandate of Civil Procedure Rule 52(a): "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * * "

It is true that the Supreme Court said in Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 520, 84 L.Ed. 774; "It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure". See also Public Service Commission of Wisconsin v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 77 L.Ed. 1036; City of Sumpter v. Spur Distributing Co., 4 Cir., 110 F.2d 649; Shannon v. Retail Clerks, International Protective Ass'n, 7 Cir., 128 F.2d 553; Brown v. Quinlan, 7 Cir., 138 F.2d 228; Bowles v. Russell Packing Co., 7 Cir., 140 F.2d 354; Sims v. Greene, 3 Cir., 161 F.2d 87; Bank of Madison v. Graber, 7 Cir., 158 F.2d 137; Hook v. Hook & Ackerman, Inc., 3 Cir., 213 F.2d 122, 130.

In most of the authorities just cited, the cases were remanded to the respective district courts for findings of fact. Rather inconsistently, upon the authority of Rossiter v. Vogel, 2 Cir., 148 F.2d

292, appellants state in their main brief that "a remand of this case to the District Court for findings of fact is not necessary, however, because the undisputed facts are so clearly decisive of the issues raised by this appeal." This would seem to support the position taken by appellees that no issue of fact was presented in the District Court on the hearing of the motion for preliminary injunction. Wherefore, findings of fact were unnecessary. See Douds v. Local 1250, Retail Wholesale Dept. Store Union, 2 Cir., 170 F.2d 695, 699; Fontes v. Porter, 9 Cir., 156 F.2d 956; Thomas v. Peyser, 73 App.D.C. 155, 118 F.2d 369, 374.

We are in accord with the insistence of appellees that the failure of the District Court to comply with Rule 52(a) in respect of findings of fact does not demand reversal of the correct judgment of the District Court, if a full understanding of the issues could be reached without the aid of findings, even though such findings would have been helpful. Rule 52(a) should not be construed as if it were a law of the Medes and Persians.

We think there is wisdom and sound common sense in the pronouncements in two opinions of the United States Court of Appeals for the District of Columbia concerning non-compliance with Rule 52(a) on appeals. In Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 799, 148 A.L.R. 226, it was said: "The duty of the trial court to make findings of fact should be strictly followed. But such findings are not a jurisdictional requirement of appeal which this court may not waive. Their purpose is to aid appellate courts in reviewing the decision below. In cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case." The judgment of the District Court was affirmed.

The same court, in Burman v. Lenkin Const. Co., 80 U.S.App.D.C. 125, 149 F.2d 827, 828, stated: "We have carefully read and considered the entire record,

and while we think it is always desirable, on a trial to a judge without a jury, that the facts should be found to aid us in understanding the basis of the decision, we are nevertheless of opinion that here the record considered as a whole does not present a genuine issue as to any material fact—in view of which it would be both a waste of time and a needless expense to send the case back to the District Court for special findings of fact." The judgment was affirmed in the face of the insistence of the appellant that reversible error had been committed by the trial judge in failing to state separately his findings and conclusions in accordance with Rule 52(a).

In Ginsberg v. Royal Ins. Co., 5 Cir., 179 F.2d 152 it was stated that the failure of the District Court to make more specific findings of fact upon the issues did not constitute reversible error, although such findings would have been helpful and appropriate.

 No reversible error being manifest, the order of the District Court from which this appeal was taken is affirmed.

MILLER, Circuit Judge (dissenting).

I am unable to agree with the disposition of this case by the majority opinion.

Since the defendants in the two cases are different, the ruling necessarily rests upon the facts (1) that the products sold by the defendant in the Illinois case were manufactured by the appellees in this case and are identical in nature with those involved in this case, and (2) that there is a privity of interest between the defendants in the respective cases. The majority opinion recognizes the necessity of these facts. But there are no findings of fact to that effect by the District Judge, and, in my opinion, the record before us does not warrant us in assuming that those are the facts.

Appellees' verified motion for the injunction states that "this defendant is advised and believes" that fact number one is so. Appellants' counter-affidavit states that the affiant "is informed and believes" that the Illinois defendant offers the products involved in that case "under its own identifications" and that its advertisements of such products "does not indicate that any of the products shown therein are manufactured by the defendants" in the present proceeding. Appellants point to the possibility of the Illinois defendants selling articles not manufactured by the appellees, which would not be identical in nature with those involved in this case. No evidence was offered by the parties or heard by the District Judge.

On the question of privity, appellees' verified motion states that "this defendant has, by an instrument in writing, assumed the defense of said Chicago case and has agreed to indemnify the defendants therein from all loss and damage." Appellants' counter-affidavit states that the defendants "have not produced for the inspection of the Judge before whom the case is pending or of counsel for plaintiffs therein any instrument in writing" as claimed by appellees. The indemnity agreement was not offered in evidence, and no testimony was offered or heard concerning it. A printed reproduction of it in appellees' brief in this court does not put it in evidence, or make it a part of the record in this case. There may be several things about it which appellants want to question, including the date of execution, which is not shown, and the authority of the officer signing it to execute such an instrument.

Although appellants' counter-affidavit is not a categorical denial of the facts upon which appellees base their motion, about which the motion admits appellees have no independent knowledge, I think it sufficiently raised the factual issue so as to require the District Judge to at least receive some evidence, documentary or oral testimony, for the purpose of ascertaining what the facts were. It is well settled that a preliminary injunction should not issue unless the trial judge is convinced with reasonable certainty of the applicant's right to it. Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907; St. Louis Street Flushing Mach. Co. v. Sanitary Street Flushing Mach. Co., 8 Cir., 161 F. 725; Anargyros & Co. v. Anargyros, 9 Cir., 167 F. 753, 769;

818

Wing v. Arnoll, Em.App., 198 F.2d 571, 575.

In my opinion, the record before us raises issues of material facts, upon which evidence should have been heard by the District Judge and about which findings were necessary. Rule 52(a), Rules of Civil Procedure. Public Service Commission v. Wisconsin Telephone Co., 289 U.S. 67, 53 S.Ct. 514, 77 L.Ed. 1036; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774; Compare: Sartor v. Arkansas Gas Corporation, 321 U.S. 620, 64 S. Ct. 724, 88 L.Ed. 967; Winnick v. Commissioner, 6 Cir., 199 F.2d 374.

I am also of the opinion that the District Judge was in error in not requiring the giving of security by the appellee as required by Rule 65(c), Rules of Civil Procedure. Chatz v. Freeman, 7 Cir., 204 F.2d 764, 768; Hopkins v. Wallin, 3 Cir., 179 F.2d 136. The continued sale by the Illinois defendants of infringing products for an indefinite time in the future while the present action is being prosecuted to a conclusion, will cause material damage to appellants against which they are entitled to protection. Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834.