**BOSTON WATERFRONT RESIDENTS ASSOCIATION, INC., et al., Plaintiffs,**

v.

**George ROMNEY, Secretary of Housing and Urban Development, et al., Defendants.**

**Civ. A. No. 72–1157–LC.**

United States District Court, D. Massachusetts.

April 18, 1972.

Harvey A. Silverglate, Zalkind & Silverglate, Boston, Mass., for plaintiffs.

Arthur G. Coffey, Asst. Corporation Counsel for City of Boston, Boston, Mass., for Boston Redevelopment Authority.

Joseph L. Tauro, U. S. Atty., Frederic R. Kellogg, Asst. U. S. Atty., United States Department of Justice, Boston, Mass., for Housing and Urban Development.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This action came on to be heard on plaintiffs' motion for preliminary relief. The cause of action is alleged under the Housing Act of 1949, 42 U.S.C. § 1450 et seq., and the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq. (hereinafter NEPA), and the jurisdiction of the court is invoked under 28 U.S.C. §§ 1331, 1361 and 2201–2202, and 5 U.S.C. §§ 701–706.

The complaint alleges briefly that defendants, officers of the Department of Housing and Urban Development (hereinafter HUD) and of the Boston Redevelopment Authority (hereinafter the Authority) have failed to comply with regulations promulgated by HUD pursuant to the Housing Act of 1949 for consulting residents in areas subject to residential rehabilitation and have failed to file an environmental impact statement as required by section 102(2) (C) of NEPA. The particular action for which plaintiffs seek preliminary relief is the imminent demolition by the Authority of a series of buildings on Fulton Street in Boston as part of the Waterfront redevelopment project.

As a basis of its decision to grant relief, the court finds the following facts:

(1) Under the Downtown Waterfront Faneuil Hall Urban Renewal Plan, HUD in 1965 approved the grant of $30,437,613 in federal funds to the Authority for the extensive rehabilitation of the Boston waterfront. The proposed demolition is a small part of that project. Since January 1, 1970, the date on which NEPA became effective, $6,120,915 of those funds have been disbursed to the Authority as a part of this project. At the present time, an additional $10,000,000 remains to be disbursed.

(2) There is controversy between the parties over the historical value of the Fulton Street buildings, but plaintiffs have offered to prove that the buildings have been proposed for listing on the national register of historic landmarks.

(3) Defendant Authority has shown that the Building Commissioner of the City of Boston, in the interests of public safety, has ordered demolition of the buildings because of their unsafe condition. However, it was conceded at the hearing that the public safety could be temporarily safeguarded by methods other than by demolition of the buildings, and, further it appears likely that the dangerous condition can be eliminated by restoration of the buildings, if such restoration should be chosen as an alternative plan.

In determining whether to grant preliminary relief, the court, without purporting to decide the case upon the merits, must consider whether there is the likelihood that plaintiffs will prevail after a full hearing. Defendants have argued that there is no likelihood because this project was approved and the funds allocated prior to the passage of NEPA and therefore any actions as a part of this project are not governed by that statute. The intent of Congress to take all steps practicable to protect the environment is clearly expressed in NEPA which says in pertinent part:

> In order to carry out the policy set forth in this chapter, it is the continuing responsibility of the Federal Government to use all practicable means, consistent with other essential considerations of national policy, to improve and coordinate Federal plans, functions, programs, and resources to the end that the Nation may—
>
>   \*      \*      \*      \*      \*      \*
>
>   preserve important historic, cultural, and natural aspects of our national heritage, and maintain, wherever possible, an environment which supports diversity and variety of individual choice;

42 U.S.C. § 4331(b) (4).

As a part of this statute, Congress has required the filing of an environmental impact statement in every major federal action significantly affecting the environment, which shall consider among other factors, alternatives to the proposed action. 42 U.S.C. § 4332(2) (C) (iii). It is undisputed that such a statement has not been filed in the instant case.

The Waterfront project is a major one which will extend into the future and which involves continuing federal involvement on a large scale. In light of the strong policy declarations of NEPA the court cannot find that such a project should be exempted from the statute, when particular parts of the project are still planned for the future and when there is still time and opportunity for the consideration of alternatives. See Arlington Coalition on Transportation v. Volpe, 458 F.2d 1323, pp. 1330–1331 (4th Cir., 1972).

Furthermore, while the court at this stage makes no determination of the historic value of the buildings in question, it is clear that the act of demolition is irrevocable. Consideration of alternative plans which might include the preservation and rehabilitation of the present structures is permanently foreclosed once they have been razed.

The court finds that there is a likelihood that plaintiffs could prevail after a hearing on the merits, that there is a need for expeditious action because of danger to the public safety, and that in the absence of relief, plaintiffs would suffer irreparable harm. It is therefore ordered that:

(1) The Boston Redevelopment Authority is hereby restrained from proceeding with the demolition of the buildings in Parcel C–2 of the redevelopment plan, on Fulton Street, Boston, until further order of the court.

(2) Pursuant to the discretion of the court, plaintiffs need not file a penal bond pursuant to Rule 65(c), to cover losses should it be determined that defendants have been wrongfully enjoined or restrained. See Urbain v. Knapp Brothers Manufacturing Co., 217 F.2d 810, 815 (6th Cir. 1954), cert. denied 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 (1955); Powelton Civic Home Owners Assn. v. HUD, 284 F.Supp. 809, 840 (E.D.Pa.1968).

(3) The defendants shall file their pleadings to the complaint within twenty days.